IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON E. HALL, AS ADMINISTRATOR OF THE ESTATE OF ELI GREY HALL,<br><br>     Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>     Defendant. | Civil Action No. 1:22-cv-00071<br><br>Hon. John J. Tharp, Jr. |

**DEFENDANT ABBOTT LABORATORIES' MOTION
TO REASSIGN RELATED CASES PURSUANT TO LOCAL RULE 40.4**

Defendant Abbott Laboratories ("Abbott"), by its attorneys, and for its Motion To Reassign Related Cases Pursuant to Local Rule 40.4 states as follows:

1. Pursuant to Local Rule 40.4(c), Abbott moves to reassign to this Court three related cases: (1) *Gschwend v. Abbott*, No. 1:22-cv-00197 (Judge Rebecca Pallmeyer); (2) *Taylor v. Abbott*, No. 1:22-cv-00203 (Judge Sharon Johnson Coleman); and (3) *Stuper v. Abbott*, No. 1:22-cv-00204 (Judge Robert W. Gettleman). The removal papers, complaint, and civil cover sheet for each of these cases are attached hereto as Exhibit 1 (*Gschwend*); Exhibit 2 (*Taylor*); and Exhibit 3 (*Stuper*), as required under Local Rule 40.4(c).

2. Each lawsuit asserts that a premature infant was administered Abbott's preterm infant nutrition products in a hospital, where the infant developed an inflammatory disease of the gastrointestinal tract known as NEC and passed away. Each complaint asserts the same three

causes of action—design defect, negligence, and failure to warn—based on the same assertion that the same group of products caused the same disease.

3. Because common issues of law and fact predominate across the cases, and because all four cases are in their early stages, reassignment is appropriate. The significant commonalities in these cases—and the anticipated overlaps with respect to discovery (particularly on Abbott) and with respect to potentially outcome-determinative legal issues (including general causation and preemption defenses)—would result in significant judicial savings.

4. In further support of this motion, Abbott has submitted a Memorandum of Law, which sets forth the "points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of [Local Rule 40.4(a)], and indicate[s] the extent to which the conditions required by [Local Rule 40.4(b)] will be met if the cases are found to be related."

WHEREFORE, for the reasons set forth above and more fully in the accompanying memorandum, Abbott respectfully requests that the Court grant its Motion and enter an order finding that *Gschwend*, *Taylor*, and *Stuper* should be reassigned to this Court.

Dated: January 28, 2022

Respectfully submitted,

By: */s/ Stephen V. D'Amore*
  Stephen V. D'Amore
  Scott P. Glauberman
  Bryce A. Cooper
  Winston & Strawn LLP
  35 West Wacker Drive
  Chicago, IL 60601
  (312) 558-5600
  (312) 558-5700 (fax)
  Email: sdamore@winston.com
  Email: sglauber@winston.com
  Email: bcooper@winston.com

*Attorneys for Abbott Laboratories*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January 2022, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECMF System.

/s/ *Stephen V. D'Amore*
Stephen V. D'Amore
*Attorney for Abbott Laboratories*
