IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON E. HALL, AS ADMINISTRATOR OF THE ESTATE OF ELI GREY HALL,<br><br>    Plaintiff,<br><br> v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | Civil Action No. 1:22-cv-00071<br><br>Hon. John J. Tharp, Jr. |

**DEFENDANT ABBOTT LABORATORIES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO REASSIGN RELATED CASES
<u>PURSUANT TO LOCAL RULE 40.4</u>**

I.   **Introduction**

This lawsuit is the first of several now pending in this District that make substantively identical allegations and claims. Each lawsuit asserts that a premature infant was administered Abbott's preterm infant products in a hospital, where the infant developed an inflammatory disease of the gastrointestinal tract known as necrotizing enterocolitis, or NEC, and passed away. Each complaint asserts the same three causes of action—design defect, negligence, and failure to warn—based on the same assertion that the same group of products caused NEC.

The near-total overlap of these cases means that they easily meet Local Rule 40.4's criteria for reassignment to Your Honor as the judge handling the lowest-numbered case. As explained below, the cases are related under the rule's criteria, reassignment is "likely to result in a substantial saving of judicial time and effort," reassignment is not "likely to delay the proceedings in the earlier case substantially," and the cases are "susceptible of disposition in a single proceeding." Abbott therefore respectfully asks that the cases be designated as related under Local Rule 40.4 and reassigned to Your Honor.

II.   **Summary of the cases**

The present case and four others have substantial similarities. All of them allege that an infant was born prematurely, was administered Abbott's preterm infant products, developed NEC, and passed away. All of them assert the same three causes of action. And all of them are in their earliest stages, with no meaningful activity having occurred.

   A.   *Hall v. Abbott*

The present case, *Hall*, was filed on January 5, 2022. Among these cases, it was filed first and has the lowest docket number. It was assigned to Your Honor.

2

*Hall* alleges that Abbott's preterm infant products were administered to a premature infant in a hospital in North Carolina, causing him to develop NEC and pass away. (Compl. ¶¶ 1, 5, 31–47.) The claims are for design defect, negligence, and failure to warn. (*Id.* ¶¶ 48–80.) The case is in its earliest stages. Abbott has not responded to the complaint, and no preliminary conference has been set.

Abbott has moved the Judicial Panel on Multidistrict Litigation for an order transferring and centralizing for pretrial proceedings all federal cases that, like *Hall* and the four other cases that are the subject of this Motion, allege Abbott's preterm infant products caused NEC. The Panel has not yet ruled.[1]

### B. The cases subject to reassignment

The same plaintiffs' lawyers filed each of the four cases that are the subject of this Motion. Accordingly, the complaints are nearly identical to each other except for allegations that are specific to the plaintiffs, such as the location of their homes, the hospitals where they were treated, and the time frame the infants were administered the products. The civil cover sheet that Abbott prepared and filed for each case states that each is related to *Hall*.

In each of these cases, as in *Hall*, the complaint alleges that Abbott's preterm infant products were administered to a premature infant in a hospital, causing the infant to develop NEC and pass away. As in *Hall*, the claims are for design defect, negligence, and failure to warn. Abbott removed each of the four cases from state court to federal court, and each is in its earliest stages because Abbott has not yet been served. There has been no activity in the cases other than motions to remand. The cases are shown in the following chart.

---

[1] Abbott is also moving today to stay these cases pending the Panel's decision. This Motion is still appropriate so that these cases are pending before the proper judge under Local Rule 40.4 when the cases are stayed and upon remand from the Panel following an MDL.

| Case name | Case number | Date filed | Date removed | Assigned judge |
|---|---|---|---|---|
| *Rinehart v. Abbott* | 1:22-cv-00192 | January 10 | January 12 | Judge Tharp |
| *Gschwend v. Abbott* | 1:22-cv-00197 | January 10 | January 12 | Chief Judge Pallmeyer |
| *Taylor v. Abbott* | 1:22-cv-00203 | January 10 | January 12 | Judge Coleman |
| *Stuper v. Abbott* | 1:22-cv-00204 | January 10 | January 12 | Judge Gettleman |

Given that *Rinehart* has already been assigned to Your Honor, it does not need to be reassigned.

### III.     Argument

Local Rule 40.4 allows related cases pending in this District to be reassigned to the judge presiding over the earliest-filed case. *Gschwend*, *Taylor*, and *Stuper* qualify for reassignment to Your Honor: (1) the cases are related to *Hall* per the rule's criteria, (2) the reassignment is "likely to result in a substantial saving of judicial time and effort," (3) the reassignment is not "likely to delay the proceedings in the earlier case substantially," and (4) the cases are "susceptible of disposition in a single proceeding." Local Rule 40.4(a), (b).

#### A.     The cases meet Local Rule 40.4's criteria for relatedness.

*Hall* and the other cases are related because they "involve some of the same issues of fact or law." *Id.* 40.4(a)(2). One issue that will arise in all of the cases is general causation: whether Abbott's preterm infant products are capable of causing NEC in premature infants. Another is whether the federal Infant Formula Act preempts the state law design defect claims. In addition, the allegations about Abbott's conduct are also substantially the same in each case. All of the complaints use the same three causes of action to make allegations about the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, warning, and sale of the products. Thus, the cases are related within the meaning of the rule. *E.g.*, *Pochert v. Blatt, Hasenmiller, Leibsker & Moore,* 2011 U.S. Dist. LEXIS 102213, at *5 (N.D.

Ill.) (reassigning cases because the "causes of action in each complaint are identical, as is the language in the majority of numbered paragraphs").

**B.      Reassignment will likely save judicial time and effort.**

Reassigning the cases will "likely … result in a substantial saving of judicial time and effort." Local Rule 40.4(b)(2). If the cases proceed in this Court, it would make no sense for four different judges to grapple with overlapping factual, scientific, and regulatory issues and the same causes of action about a single company's specialized preterm infant formula products. "It would be a waste of limited judicial resources to require [multiple] judges to expend the time and effort necessary to understand the technical and factual issues involved in both cases when it could simply be handled by one judge." *Helferich Pat. Licensing v. N.Y. Times*, 2012 U.S. Dist. LEXIS 56151, at *8–9 (N.D. Ill.); *see also Popovich v. McDonald's*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002) ("because of the overlap in issues, the handling of both cases by one judge is likely to result in a substantial savings of time and effort"). Reassignment would also reduce the risk of inconsistent rulings on legal issues, such as the preemption defense, and the expense of duplicative discovery issues. *Portis v. McKinney*, 2021 U.S. Dist. LEXIS 171091, at *5–6 (N.D. Ill.). Those rationales all support reassignment here.

**C.      Reassignment will not delay the *Hall* case.**

These cases easily satisfy the requirement that reassignment must not "be likely to delay the proceedings in the earlier case substantially." Local Rule 40.4(b)(3). Nothing has happened in *Hall*, which was filed less than a month ago,[2] so the other cases will not delay it.

---

[2] Local Rule 40.4(c) expresses caution about motions to reassign that are filed before the defendants in each case have answered or moved to dismiss, because "all parties to a proceeding [should] be permitted to respond on the questions of relatedness and possible reassignment." That is not an issue here. Abbott is the sole defendant in each case, so no party will be denied an opportunity to respond to this motion. *KPASA v. United States*, 2004 U.S. Dist. LEXIS 8720, at

D.  **The cases are susceptible of disposition in a single proceeding.**

Finally, these cases are susceptible of disposition together (*id*. 40.4(b)(4)), which is just another way of saying that the reassignment will save judicial time and effort. *Portis*, 2021 U.S. Dist. LEXIS 171091, at *6–7 (explaining that those two inquiries merge when claims are nearly identical); *Helferich*, 2012 U.S. Dist. LEXIS 56151, at *10–11 (Local Rule 40.4(b)(4) is met when cases "involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings"). In addition to the considerations explained above, *Hall* and the related cases involve a small group of lawyers: Abbott has the same attorneys in all of the cases, the *Hall* plaintiffs are represented by one firm, and the plaintiffs in the related cases are all represented by the same two firms. If the cases are litigated here, this Court will be able to handle all pretrial proceedings[3] for the cases together, and they are capable of being disposed of together, for example by motions for summary judgment based on general causation.

## IV. Conclusion

*Gschwend*, *Taylor*, and *Stuper* should be reassigned to Your Honor.

Dated: January 28, 2022     Respectfully submitted,

By: */s/ Stephen V. D'Amore*
Stephen V. D'Amore
Scott P. Glauberman
Bryce A. Cooper
Winston & Strawn LLP
35 West Wacker Drive

---

*13–14 (N.D. Ill.) (so holding); *Freeman v. Bogusiewicz*, 2004 U.S. Dist. LEXIS 15723, at *3–4 (N.D. Ill.) (same).

[3] Unlike the moving party before this Court in *Saleh v. Merchant*, 2017 U.S. Dist. LEXIS 85917, at *9 (N.D. Ill.) (Tharp, J.), Abbott is not moving for *consolidation* of the reassigned cases, "Reassignment does not require that the two cases be bound together, proceeding in unison for all purposes. In fact, reassignment does not even require the cases to be disposed of at the same time; they merely need to be *susceptible* to disposition at the same time," *Helferich*, 2012 U.S. Dist. LEXIS 56151, at *11, as they are here.

Chicago, IL 60601
(312) 558-5600
(312) 558-5700 (fax)
Email: sdamore@winston.com
Email: sglauber@winston.com
Email: bcooper@winston.com

*Attorneys for Abbott Laboratories*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January 2022, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECMF System.

/s/ *Steven V. D'Amore*
Stephen V. D'Amore
*Attorney for Abbott Laboratories*