IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| SHANNON E. HALL, as ADMINISTRATOR OF THE ESTATE OF ELI GREY HALL,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>　　　Defendant, | Case No.: 1:22-cv-00071<br><br>Hon. John J. Tharp, Jr. |

**PLAINTIFF'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO REASSIGN RELATED CASES PURSUANT TO LOCAL RULE 40.4 (OPPOSING) AND TO DEFENDANT'S MOTION TO STAY (NOT OPPOSING)**

　　　COMES NOW Plaintiff, Shannon E. Hall, as Administrator of the Estate of Eli Grey Hall, and hereby Responds in opposition to the Defendant's Motion to Reassign Related Cases Pursuant to Local Rule 40.4 for the following reasons:

1) Reassignment of the affected cases is unnecessary in light of Defendant's own Motion to Transfer and Consolidate pursuant to 28 U.S.C. § 1407,[1] which it filed before the Judicial Panel on Multidistrict Litigation (hereinafter "JPML" or "Panel") on January 18, 2022 – ten (10) days before it filed the present motion;

2) Reassigning the affected cases during the pendency of Defendant's JPML motion would be a waste of resources for this Court, the Clerk of Court, and the Executive Committee of the Northern District of Illinois, all of which would necessarily participate in any decision relating to LR 40.4 reassignment;

---

[1] Doc. 7.

3) Defendant has failed to include all cases pending in the Northern District of Illinois to which a Local Rule 40.4 motion would apply – the lowest-numbered of which is *Koeth v. Mead Johnson & Company, LLC, et al.*, 1:21-cv-06234, which has been pending before the Hon. Joan Humphrey Lefkow since November 22, 2021; and

4) Reassignment of the affected cases prior to the JPML's ruling on Defendant's § 1407 motion would restrict the JPML's independent decision-making in selecting the judge who will preside over the MDL that Defendant has itself requested. There are currently nine (9) judges in the Northern District of Illinois presiding over preterm infant nutrition product liability cases. Reassigning the affected cases as Defendant requests would artificially narrow the pool of judges the JPML has to choose from in deciding Defendant's own § 1407 motion.

Plaintiff has no objection to Defendant's Motion to Stay Pending JPML Ruling on Consolidation and Transfer, so long as the stay applies to all proceedings in this case, including Defendant's LR 40.4 motion.

## **ARGUMENT**

**1. The Relief Defendant Seeks is Not Necessary at This Time, and Would be a Waste of Judicial Resources**

Ten (10) days before it filed the present motions, Defendant moved the JPML to transfer all preterm infant nutrition product liability cases to the U.S. District Court for the District of Connecticut. Defendant then moved this Court to reassign just three (3) of the seven (7) preterm infant nutrition product liability cases that were pending before other judges in the Northern District of Illinois at that time.[2] That same day Defendant filed a motion seeking a stay of all

---

[2] Defendant failed to include *Koeth v. Mead Johnson & Company, LLC, et al.*, C.A. No. 1:21-cv-06234 (N.D. Ill.); *Mar v. Abbott Laboratories*, C.A. No. 1:22-cv-00232 (N.D. Ill.); *Rhodes v.*

2

proceedings in this case, just as it has done in the cases it is seeking to have reassigned pursuant to LR 40.4.

Defendant attempts to support its request that the Court rule on its LR 40.4 motion, despite simultaneously asking the Court to stay all proceedings in this case, by claiming that "[t]his Motion is still appropriate so that these cases are pending before the proper judge under Local Rule 40.4 when the cases are stayed and upon remand from the Panel following an MDL." [Doc. 10 at p. 3, fn. 1]. Defendant's claim incorrectly presupposes that this case will be remanded from the MDL Court back to this Court at some uncertain date in the future. History shows, however, that it is extremely unlikely that this particular case will ever be remanded back to this Court, as the vast majority of MDL cases are disposed of while still pending in their MDL courts.

According to the JPML's 2020 Statistical Analysis of Multidistrict Litigation Under 28 U.S.C. § 1407, "[s]ince the creation of the Panel in 1968, there have been 953,641 civil actions centralized for pretrial proceedings. As of September 30, 2020, a total of 17,104 actions had been remanded for trial and 609,333 actions had been terminated in the transferee court."[3] In other words, between 1968 and 2020 only 1.8% of cases transferred to MDL courts were remanded back to their transferor courts. Defendant is asking that this Court, the Clerk's Office, and the Executive Committee go through the process of LR 40.4 reassignment for cases that have less than a 2% chance of ever being remanded back to this District from the MDL Court, while at the same time asking this Court to stay all proceedings until the JPML rules on Defendants' own

---

*Abbott Laboratories*, C.A. No. 1:22-cv-00239 (N.D. Ill.); and *Grosshuesch v. Mead Johnson & Company, LLC, et al.*, C.A. No. 1:22-cv-00363 (N.D. Ill.). Since the filing of its motion, another preterm infant nutrition product liability case has been filed in this District - *Shindel v. Abbott Laboratories*, C.A. No. 1:22-cv-00561 (N.D. Ill.)

[3] See https://www.jpml.uscourts.gov/sites/jpml/files/Fiscal_Year_Statistics-2020_1.pdf at p. 3.

motion to consolidate and transfer all federal preterm infant nutrition product liability cases to the U.S. District Court for the District of Connecticut. The Court should decline Defendant's invitation to waste judicial resources in this manner.

**2. The Lowest-Numbered Related Case is Not Pending Before This Court**

Defendant has failed to include all cases pending in the Northern District of Illinois that would be considered Related Cases under LR 40.4. As noted above, Defendant is seeking transfer of only three (3) of the other eight (8) related cases currently pending before other judges in the Northern District. In their Response in Support of Abbott's JPML Motion to Transfer, Mead Johnson & Company, LLC and Mead Johnson Nutrition Company (hereinafter "Mead Johnson"), asserted that "the federal preterm infant nutrition lawsuits filed against both Abbott and Mead Johnson satisfy the requirements of § 1407 in that they present common questions of fact (as well as common questions of law), and centralization would significantly reduce discovery burdens and duplicative litigation," and went on to support centralization of "the eight federal cases in which Abbott and Mead Johnson have been joined as co-defendants (ECF Nos. 1, 16, and 38); (2) **consolidating the two tag along cases in which only Mead Johnson is named** (ECF No. 11); and (3) **consolidating any subsequent cases involving similar facts and claims in which Abbott and/or Mead Johnson are sued**."[4]

If all preterm infant nutrition product liability cases filed throughout the country against Abbott and/or Mead Johnson involve enough common questions of fact and law to be consolidated under 28 U.S.C. § 1407, then they also meet the criteria to invoke consideration of LR 40.4 reassignment. As such, any LR 40.4 motion should have been filed before Judge

---

[4] Mead Johnson's 2/9/22 JPML Response Brief at p. 3, attached hereto as Exhibit 1 (emphasis added).

Lefkow in the *Koeth* case, as it is the lowest-numbered of the related cases. As stated above, Plaintiff does not believe LR 40.4 reassignment is necessary in light of Defendant's pending JPML motion, and Plaintiff does not intend to seek reassignment to Judge Lefkow during the pendency of Defendant's JPML motion.

    **3. LR 40.4 Reassignment at This Time Would Artificially Narrow the JPML's Choice of Court for MDL Transfer and Consolidation**

As the Court is likely aware, the JPML typically selects a judge who is presiding over at least one Related Action to be the transferee court for an MDL. In filing the present motion after it filed its § 1407 motion, Defendant seeks to limit the pool of judges with pending Related Actions prior to the JPML deciding Defendant's motion. Although Defendant has asked the JPML to transfer all of the federal cases pending nationwide to the District of Connecticut, other parties, including the undersigned, have requested that the JPML consolidate the cases in the Northern District of Illinois, as it is the District in which Abbott's global corporate headquarters are located, and it is the District in which Mead Johnson's global corporate headquarters are, or at all times relevant to the Related Actions were, located. If the Panel elects to transfer the cases to this District, its decision on which judge in this District to send the cases to should not be artificially limited by Defendant. This is especially true in light of the fact that Defendant itself filed the § 1407 motion seeking MDL consolidation.

If the Panel determines that this District is the most appropriate forum for the preterm infant nutrition product liability MDL, it should have the right to determine which of the nine (9) judges in this District presiding over preterm infant nutrition product liability cases should be assigned the MDL. Again, this Court should decline Abbott's invitation, and should leave any consolidation determinations to the JPML unless and until it denies Defendant's § 1407 motion.

4. **The Court Should Grant Defendants Motion to Stay All Proceedings, Including the Present Motion**

To the extent Defendant's motion to stay would result in actually staying all proceedings in this case, including Defendant's LR 40.4 motion, Plaintiff has no objection thereto, and urges the Court to grant the Motion and to cease all proceedings in this case unless and until the JPML denies Defendant's § 1407 motion.

## CONCLUSION

For the reasons stated above, the Court should decline Defendant's invitation to waste its, the Clerk's, and the Executive Committee's judicial resources deciding a LR 40.4 motion during the pendency of Defendant's own 28 U.S.C. § 1407 motion, and should grant Defendant's Motion to Stay and immediately cease all proceedings in this case, including Defendant's LR 40.4 motion, unless and until the JPML denies Defendants' 28 U.S.C. § 1407 motion.

Dated: February 11, 2022           Respectfully submitted,

/s/ *Charles Andrew Childers*
Charles Andrew Childers
Sara Tait Papantonio
Levin, Papantonio, Rafferty, Proctor,
Buchanan, O'Brien, Barr & Mougey, P.A.
316 S. Baylen Street, 6th Floor
Pensacola, Florida 32502
(850) 435-7000
achilders@levinlaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2022, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECMF System.

/s/ *Charles Andrew Childers*
Charles Andrew Childers
*Attorney for Plaintiff*