U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON HALL, as Administrator of the Estate of ELI GREY HALL,<br><br>     Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br>ABBOTT LABORATORIES, INC.,<br><br>     Defendants. | Civil Action No.: 1:22-CV-00071<br>Honorable John J. Tharp, Jr<br><br>JURY DEMAND |

### *GSCHWEND, RINEHART, STUPER, AND TAYLOR* PLAINTIFFS' OPPOSITION TO MOTION TO REASSIGN

  Plaintiffs in *Gschwend v. Abbott Laboratories*, *Rinehart v. Abbott Laboratories*, *Stuper v. Abbott Laboratories*, and *Taylor v. Abbott Laboratories*, (collectively the "Non-Hall Plaintiffs" and collectively the cases shall be referred to as the "Snap Removed Cases") hereby file this Opposition to the Motion to Reassign filed by the Defendants Abbott Laboratories and Abbott Laboratories, Inc. (collectively "Abbott").

  **I. The Snap Removed Cases Should Be Remanded Before Consolidation.**

  As outlined in the Non-Hall Plaintiffs' Motion to Remand filed in each of the Snap Removed Cases, these cases must be remanded to state court because Abbott is a forum defendant barring removal under the Forum Defendant rule. Abbott has incorrectly claimed federal subject matter jurisdiction under the highly controversial "snap removal" process, but snap removals have routinely been rejected by this Court for cases originally filed in Cook County Circuit Court, and this Court should follow well-reasoned precedent and remand this case back to state court where they belong.

1

Plaintiffs maintains that prior to the Court taking up any reassignment issue, the Court should first take up the issue of remand and promptly remand the *Rinehart* case to Cook County, Illinois because of Abbott's improper removal of these cases to federal court. See, e.g., *Great Am. Ins. Co. v. Crabtree*, No. CIV 11-1129 JB/KBM, 2012 WL 3656500, at *18–*20 (D.N.M. Aug. 23, 2012) (collecting cases and concluding that "the Court should not consolidate or do anything on a case until it determines jurisdiction and whether a case is properly in federal court"); *Williams v. Ameriquest Mortgage Co.*, Nos. 07-0325-WS-M, 07-0480-KDB, 2007 WL 2254416, at *2 (S.D. Ala. Aug. 2, 2007) ("[I]t is clearly premature even to consider consolidating…until after…[the Court] has resolved the jurisdictional issues pertaining to the propriety of removal."); *See also ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 309 F.R.D. 193, 195 (D.N.J. 2015) (deferring a ruling on motion to consolidate until after a question about federal jurisdiction was resolved).

## II. The Motion To Reassign Should Be Denied For Violating Rule 40.04(c) In Not Being Filed In The Appropriate Case.

To the extent that the Court is not willing to immediately remand the *Rinehart* case to the venue where it belongs, the Non-Hall Plaintiffs maintain that Abbott's Motion to Reassign should be denied for failing to follow the appropriate Local Rule 40.04 because Abbott has failed to file the pending Motion to Reassign before the appropriate judge.

The lowest numbered case involving cow's milk based pre-term infant formula currently pending in the Northern District of Illinois is *Koeth v. Mead Johnson & Company, LLC*, et al., 1:21-cv-06234 not *Hall v. Abbott Laboratories*, 1:22-cv-00071. Abbott has failed to file the Motion in the appropriate court and it should therefore be denied.

"To have a case reassigned based on relatedness, the moving parties must demonstrate that the cases are related under Local Rule 40.4(a) and that reassignment is appropriate pursuant to

2

Local Rule 40.4(b)." *Teacher's Retirement System of Louisiana v. Black*, 2004 WL 1244236, *2 (N.D.Ill. June 3, 2004).

Under Local Rule 40.4(a), two or more civil cases may be found to be related if some of the following conditions are met: "(i) the cases involve the same property; (ii) the cases involve some of the same issues of fact or law; (iii) the cases grow out of the same transaction or occurrence; or (iv) in class action suits, one or more of the classes involved in the cases is or are the same."

Non-Hall Plaintiffs do not contest that the cases sought to be consolidated involve "some of the same issues of fact or law" and that 40.4(a) is satisfied. Abbott correctly identifies that "[o]ne issue that will arise in all of these cases is general causation: whether Abbott's preterm infant products are capable of causing NEC in premature infants." (DE #10 at PageID 241.) Abbott also correctly identifies that another issue that will arise in these cases is whether "the federal Infant Formula Act preempts state law design defect claims." (*Id*.)

Abbott has failed to alert the Court, however, to the fact that these identical issues will also be raised in *Koeth v. Mead Johnson*. Abbott further knows that these issues will also be raised in *Koeth* because Abbott and Mead Johnson have together been named in similar cases prior to those pending in the Northern District of Illinois that would have alerted Abbott to the similarities between *Koeth* case and the cases Abbott has cherry-picked for reassignment under its Motion to Reassign. *See e.g.*, *Ferry v. Mead Johnson & Co., LLC*, 514 F. Supp. 3d 418 (D. Conn. 2021); *Hunte v. Abbott Lab'ys, Inc*., No. 3:20-CV-1626 (SRU), 2021 WL 3679303 (D. Conn. Aug. 19, 2021); *Sanchez v. Abbott Laboratories, Inc., et. al.*, Case No., 6:21-cv-00502, DE#38 (M.D. Fla. August 2, 2021).

3

Abbott has utterly failed to address why it has conveniently sought reassignment in the *Hall* matter even though *Koeth* clearly satisfies Rule 40.04(a)'s requirement that a case involve "some of the same issues of fact or law." It has failed to do so because no legitimate argument exists to distinguish between these cases for purposes of a Rule 40.04 reassignment.

All of these cases allege that cows' milk based infant formula caused pre-term infants to develop NEC and Abbott's own JPML petition has sought to consolidate cases involving Mead Johnson's Enfamil line of products and Abbott's Similac line of products into a single MDL. In fact, Abbott in its Brief in Support of its JPML Petition states the following:

> These suits substantially overlap in many ways. All the complaints name Abbott as a defendant, and five actions also name Mead Johnson & Company, LLC. ***The legal theories and causes of action asserted in the various complaints also extensively overlap.*** All allege state common-law torts and/or product liability claims or their statutory equivalents. And all center around the same or closely related operative theories of alleged wrongdoing: that preterm infant formula and fortifier products that contain cow's milk protein are unreasonably dangerous, that those products caused the NEC of the premature infants at issue, and that Abbott failed to adequately warn of the relevant risks.

*In Pre-Term Infant Nutrition Product Liability* Litigation, MDL Docket No. 3026, DE #1-1 at Page 15. (emphasis added).

Accordingly, the Motion to Reassign should be denied for Abbott's failure to follow Local Rule 40.04 and file the Motion to Reassign with the appropriate Court. Local Rule 40.4(c) ("The motion ***shall*** be filed in the ***lowest-numbered*** case of the claimed related set and noticed before the judge assigned to that case.) (emphasis added).

**III.     The Motion To Reassign Should Be Denied Pending A JPML Petition.**

The *Hall* plaintiffs also claim that for prudential reasons the Court should decline ruling on the Motion to Reassign pending the Joint Panel on Multi-District Litigation ("JPML") until the

4

JPML rules on the pending Motion to Consolidate and Transfer. (DE #14.) The Non-Hall Plaintiffs in the Snap Removed Cases adopt the reasons and rationale in the *Hall* plaintiffs' response as additional reasons for why the Motion to Reassign should be denied.[1]

Dated: February 14, 2022

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV, Esq.
(ARDC #6334061)
Benjamin A Gastel, Esq.
(ARDC #6337307)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa L Parks Avenue, Suite 200
Nashville, TN 37203
Phone: (615) 254-8801
Fax: (615) 255-5419
gerards@bsjfirm.com
beng@bjsfirm.com

*Counsel for Plaintiffs*

Kevin J. Conway (ARDC #0506516)
COONEY AND CONWAY
120 North LaSalle St., 30th Floor
Chicago, IL 60602
Ph: 312-236-6166
kconway@cooneyconway.com

---

[1] The *Hall* plaintiffs also request a stay of the *Hall* matter, which the Plaintiffs in the Snap Removed Cases take no position on but similar motions to stay have been filed in the Snap Removed Cases and for the reasons articulated in these Plaintiffs' Opposition to the Motion to Stay, maintain that a stay in the Snap Removed Cases is not appropriate and the Court should promptly take up the issue of remand and remand these cases back to Cook County where they belong.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2022, I electronically filed the forgoing **GSCHWEND, RINEHART, STUPER, AND TAYLOR PLAINTIFFS' OPPOSITION TO MOTION TO REASSIGN** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On this date I further caused to be served on each of the attorneys identified below, via the delivery methods indicated below, a copy of the foregoing document:

Stephen V. D'Amore
Bryce A. Cooper
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Email: sdamore@winston.com
Email: bcooper@winston.com
Via the Clerk's eFiling Application
*Counsel for Defendants*

Elizabeth A. Kaveny
Kaveny Kroll, LLC
130 E. Randolph Street
Suite 2800
Chicago, IL 60601
(312) 761-5585
Email: elizabeth@kavenykroll.com
Via the Clerk's eFiling Application

Sara Tait Papantonio
Charles Andrew Childers
Levin Papantonio Rafferty Law
316 S Baylen Street
Pensacola, FL 32502
(850) 572-3163
Email: spapantonio@levinlaw.com
Email: achilders@levinlaw.com
Via the Clerk's eFiling Application

*Counsel for the Hall Plaintiffs*

                                                                */s/ J. Gerard Stranch, IV*
                                                                 J. Gerard Stranch, IV