# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

## NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION: **March 31, 2022**

LOCATION OF HEARING SESSION:  Hale Boggs Federal Building
United States Courthouse
Room C501
500 Poydras Street
New Orleans, Louisiana 70130

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel continues to monitor the ongoing COVID-19 pandemic. **At present, the Panel intends to hear oral argument <u>in person</u>, but reserves the option to hear oral argument by videoconference or teleconference should circumstances warrant.** Allocations of argument time will be made before the Hearing (using procedures employed at recent Panel hearings conducted by videoconference) such that counsel will be informed in advance of the hearing whether they are allocated time to argue. Allocations will not be made or changed at the Hearing. Further details regarding how the Hearing Session will be

-2-

conducted shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument.

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **March 7, 2022.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

*/s/ John W. Nichols*

John W. Nichols
Clerk of the Panel

cc: Clerk, United States District for the Eastern District of Louisiana

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

### HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on March 31, 2022, the Panel will convene a hearing session in New Orleans, Louisiana, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c). **Oral argument will be heard <u>in person</u> unless the Panel determines that circumstances caused by the COVID-19 pandemic warrant hearing argument by videoconference or teleconference.** Should the Panel determine that oral argument is to be conducted by videoconference or teleconference, the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this decision to counsel for all parties involved in the matters listed on the attached Schedule.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
March 31, 2022 -- New Orleans, Louisiana

SECTION A
MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3024 − **IN RE: ATRIUM MEDICAL CORPORATION PROLITE AND PROLOOP HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Jose Avila, et al., to transfer the following actions to the United States District Court for the Central District of California:

Central District of California

AVILA, ET AL. v. ATRIUM MEDICAL CORPORATION, ET AL.,
  C.A. No. 2:21−05223

District of New Jersey

MILLS v. ETHICON, INC., ET AL., C.A. No. 2:17−12624

District of New Mexico

AGUIRRE v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 2:18−00153

Western District of Wisconsin

KOLBECK v. ATRIUM MEDICAL CORPORATION, ET AL.,
  C.A. No. 3:21−00776

MDL No. 3025 − **IN RE: PROCTER & GAMBLE AEROSOL PRODUCTS MARKETING AND SALES PRACTICES LITIGATION**

Motion of defendant The Procter & Gamble Company to transfer the following actions to the United States District Court for the Southern District of Florida:

Central District of California

QUINONES v. THE PROCTER & GAMBLE COMPANY, C.A. No. 2:21−09595

Eastern District of California

AVILES, ET AL. v. THE PROCTER & GAMBLE COMPANY, C.A. No. 2:21−02108

Southern District of California

CANADAY v. THE PROCTER & GAMBLE COMPANY, C.A. No. 3:21−02024

Southern District of Florida

BRYSKI v. THE PROCTER & GAMBLE COMPANY, C.A. No. 0:21−62285
LEYVA, ET AL. v. THE PROCTER & GAMBLE COMPANY, C.A. No. 4:21−10108

Eastern District of New York

TOPOREK v. THE PROCTER & GAMBLE COMPANY, C.A. No. 2:21−06185

Southern District of New York

DELCID v. THE PROCTER & GAMBLE COMPANY, C.A. No. 1:21−09454

Southern District of Ohio

VELASQUES, ET AL. v. THE PROCTER & GAMBLE COMPANY,
    C.A. No. 1:21−00723
BAKER, ET AL. v. THE PROCTER & GAMBLE COMPANY, C.A. No. 1:21−00734
ESQUIVEL, ET AL. v. THE PROCTER & GAMBLE COMPANY, C.A. No. 1:21−00762

District of Oregon

LYLE v. THE PROCTER & GAMBLE COMPANY, C.A. No. 3:21−01760

MDL No. 3026 − **IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION**

Motion of defendants Abbott Laboratories and Abbott Laboratories, Inc., to transfer the following actions to the United States District Court for the District of Connecticut:

Central District of California

RICHARDSON v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 2:21−09932
DAVIS v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 5:21−00481
KELTON v. ABBOTT LABORATORIES, INC., C.A. No. 5:21−02145
LITTLES v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 5:21−02146

District of Connecticut

HUNTE, ET AL. v. ABBOTT LABORATORIES, INC., C.A. No. 3:20−01626

District of District of Columbia

GEORGE v. ABBOTT LABORATORIES, INC., C.A. No. 1:20−02537

Middle District of Florida

SANCHEZ JUAN v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 6:21−00502

Northern District of Florida

CRAWFORD v. MEAD JOHNSON & COMPANY, ET AL., C.A. No. 1:21−00201

Northern District of Illinois

HALL v. ABBOTT LABORATORIES, C.A. No. 1:22−00071
RINEHART, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:22−00192
GSHWEND, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:22−00197
TAYLOR, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:22−00203
STUPER, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:22−00204
MAR v. ABBOTT LABORATORIES, C.A. No. 1:22−00232
RHODES v. ABBOTT LABORATORIES, C.A. No. 1:22−00239

Middle District of Louisiana

BROWN, ET AL. v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 3:21−00687

MDL No. 3027 − **IN RE: COLUMBIA RIVER DAMS CLEAN WATER ACT LITIGATION (NO. II)**

Motion of plaintiff Columbia Riverkeeper to transfer the following actions to the United States District Court for the Eastern District of Washington:

District of Oregon

COLUMBIA RIVERKEEPER v. UNITED STATES ARMY CORPS OF ENGINEERS, ET AL., C.A. No. 2:21−01777

Eastern District of Washington

COLUMBIA RIVERKEEPER v. UNITED STATES ARMY CORPS OF ENGINEERS, ET AL., C.A. No. 4:21−05152

-3-

# SECTION B
# MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2179 − **IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010**

Opposition of plaintiff Marina Law to transfer of the following action to the United States District Court for the Eastern District of Louisiana:

<u>Southern District of Alabama</u>

LAW v. BP EXPLORATION & PRODUCTION, INC., ET AL., C.A. No. 1:21−00520

MDL No. 2244 − **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Guy Monical, Tobi Altholz, and Ganita Shelnutt to transfer of their respective following actions to the United States District Court for the Northern District of Texas:

<u>District of New Jersey</u>

MONICAL v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−20202
ALTHOLZ v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−20768
SHELNUTT v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−20777

MDL No. 2804 − **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Opposition of plaintiff City of Holly Springs to transfer of the *City of Holly Springs* action to the United States District Court for the Northern District of Ohio and motion of defendant Endo Pharmaceuticals Inc. to transfer the *Taylor* action to the United States District Court for the Northern District of Ohio:

<u>Northern District of Mississippi</u>

CITY OF HOLLY SPRINGS v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−00246

<u>Eastern District of Pennsylvania</u>

TAYLOR v. ENDO PHARMACEUTICALS, INC., C.A. No. 2:21−04276

-4-

MDL No. 2816 − **IN RE: SORIN 3T HEATER−COOLER SYSTEM PRODUCTS LIABILITY LITIGATION (NO. II)**

Opposition of plaintiff Patricia Napier to transfer of the following action to the United States District Court for the Middle District of Pennsylvania:

<u>Southern District of Ohio</u>

NAPIER v. LIVANOVA DEUTSCHLAND GMBH, ET AL., C.A. No. 1:21−00739

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Marathon Petroleum Company LLP to transfer of the *Marathon Petroleum Company LLP* action to the United States District Court for the District of South Carolina and motion of defendant Daikin America, Inc. to transfer the *Johnson* action to the United States District Court for the District of South Carolina:

<u>Northern District of Georgia</u>

JOHNSON v. 3M COMPANY, ET AL., C.A. No. 4:20−00008

<u>Eastern District of Michigan</u>

MARATHON PETROLEUM COMPANY LP v. 3M COMPANY, ET AL.,
   C.A. No. 2:22−10117

MDL No. 2945 − **IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION**

Opposition of defendants Ahern Rentals, Inc., and Don F. Ahern to transfer of the following action to the United States District Court for the Western District of Missouri:

<u>District of Nevada</u>

EQUIPMENTSHARE.COM, INC. v. AHERN RENTALS INC., ET AL.,
   C.A. No. 2:21−01916

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Roger Traversa to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

<u>Eastern District of Pennsylvania</u>

TRAVERA v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 2:21−05674

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**
MDL No. 3021− **IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of defendants Philips RS North America LLC and Philips North America LLC to transfer of the following action to the United States District Court for the Western District of Pennsylvania in MDL No. 3014 and oppositions of plaintiff SoClean, Inc., and Anthony Sakalarios; Jesse Judson Brooks, Sr.; and Thomas N. Herbert to transfer of the following action to the United States District Court for the Western District of Pennsylvania in MDL No. 3021:

<u>District of Massachusetts</u>

SOCLEAN, INC. v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11662

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b) <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process. Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d) <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f) <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.

# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

| CHAIR: | MEMBERS: | | DIRECT REPLY TO: |
|---|---|---|---|
| Karen K. Caldwell<br>United States District Court<br>Eastern District of Kentucky | Nathaniel M. Gorton<br>United States District Court<br>District of Massachusetts | Matthew F. Kennelly<br>United States District Court<br>Northern District Illinois | John W. Nichols<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>  Judiciary Building |
| | David C. Norton<br>United States District Court<br>District of South Carolina | Roger T. Benitez<br>United States District Court<br>Southern District of California | Room G-255, North Lobby<br>Washington, D.C. 20544-0005 |
| | Dale A. Kimball<br>United States District Court<br>District of Utah | Madeline Cox Arleo<br>United States District Court<br>District of New Jersey | Telephone: (202) 502-2800<br>Fax: (202) 502-2888 |

## ADVISORY

Counsel appearing for oral argument before the Panel may bring cell phones and laptop computers into the courthouse. All cell phones must be turned off before entering the courtroom.

Everyone entering the courthouse must present photo identification.

Please see and plan to abide by the Eastern District of Louisiana's requirements regarding public access in light of COVID-19 which can be found on the court's website: https://www.laed.uscourts.gov.