IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHANNON E. HALL, AS
ADMINISTRATOR OF THE ESTATE OF
ELI GREY HALL,

                Plaintiff,

   v.

ABBOTT LABORATORIES,

                Defendant.

Civil Action No. 1:22-cv-00071

Hon. John J. Tharp, Jr.

**DEFENDANT ABBOTT LABORATORIES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO REASSIGN RELATED CASES
PURSUANT TO LOCAL RULE 40.4**

## I.    Introduction

This lawsuit is the lowest-numbered of several pending in this District and before this Court that make substantively identical allegations and claims. Each lawsuit asserts that a premature infant was administered Abbott's preterm infant products in a hospital, where the infant developed an inflammatory disease of the gastrointestinal tract known as necrotizing enterocolitis, or NEC, and suffered injuries or death resulting from NEC. Each complaint asserts the same three causes of action—design defect, negligence, and failure to warn—based on the same assertion that the same group of products caused NEC. This Court recently designated three of these lawsuits as related under Local Rule 40.4(a) and requested that they be reassigned to Your Honor. (ECF No. 19.) The Executive Committee granted the request and ordered their reassignment. This Court now presides over five of these substantively identical suits.

Shortly after reassignment of the related cases, two lawsuits making substantively identical allegations and claims were filed and assigned to judges other than Your Honor:  (1) *De Los Santos v. Abbott*, No. 1:22-cv-01089 (Judge Steven C. Seeger), and (2) *Devine v. Abbott, et al.*, No. 1:22-cv-01197 (Judge John F. Kness). These too easily meet Local Rule 40.4's criteria for reassignment to Your Honor. Abbott therefore respectfully asks that, consistent with this Court's prior reassignment Order, the *De Los Santos* and *Devine* cases also be designated as related and reassigned to Your Honor under Local Rule 40.4.

## II.    Summary of the cases

The *De Los Santos* and *Devine* cases have substantial similarities to the present case and the four other related cases currently pending before Your Honor. All of them allege that an infant was born prematurely, was administered Abbott's preterm infant products, developed NEC, and suffered injuries or death resulting from NEC. All of them assert the same three causes

of action. And all of them are in their earliest stages, with no meaningful activity having occurred.

### A. *Hall v. Abbott* **and related cases**

The present case, *Hall*, was filed on January 5, 2022, and assigned to Your Honor. Among these cases, it was filed first and has the lowest docket number. Following reassignment, four cases related to *Hall* are also now pending before this Court: (1) *Rinehart v. Abbott*, No. 1:22-cv-00192; (2) *Gschwend v. Abbott*, No. 1:22-cv-00197; (3) *Taylor v. Abbott*, No. 1:22-cv-00203; and (4) *Stuper v. Abbott*, No. 1:22-cv-00204. Each of these complaints alleges that Abbott's preterm infant products were administered to a premature infant in a hospital, causing the infant to develop NEC and pass away. (*See*, *e.g.*, ECF No. 1 ¶¶ 1, 5, 31–47.) The claims are for design defect, negligence, and failure to warn. (*Id.* ¶¶ 48–80.) The cases are in their earliest stages. Abbott has not responded to the complaints, and no preliminary conferences have been set. Additionally, Abbott has moved the Judicial Panel on Multidistrict Litigation for an order transferring and centralizing for pretrial proceedings all federal cases that, like *Hall* and the related cases, allege Abbott's preterm infant products caused NEC. The Panel has not yet ruled, and Your Honor stayed all proceedings in *Hall* and the related cases pending such ruling. (*See*, *e.g.*, ECF No. 20.)[1]

### B. **The** *De Los Santos* **and** *Devine* **cases subject to reassignment**

*De Los Santos* and *Devine* are substantively identical to *Hall* and the four related cases. The *De Los Santos* complaint alleges that Abbott's preterm infant products were administered to

---

[1] Abbott is also moving today to stay all proceedings in the *De Los Santos* and *Devine* cases pending the Panel's decision. The Panel has scheduled a hearing on the motion on March 31, 2022. (ECF No. 16.) As with *Gschwend*, *Taylor*, and *Stuper*, this Motion is still appropriate so that the *De Los Santos* and *Devine* cases are pending before the proper judge under Local Rule 40.4 when the cases are stayed and upon remand from the Panel following an MDL.

a premature infant in a hospital in Texas, causing him to develop NEC and suffer injuries resulting from NEC. (Ex. 1 ¶¶ 5–6, 31–40.) The *Devine* complaint alleges that Abbott's preterm infant products were administered to a premature infant in a hospital in California, causing her to develop NEC and suffer injuries resulting from NEC. (Ex. 2 ¶¶ 1–3, 8–12, 111–113.) As in *Hall*, the claims in each complaint are for design defect, negligence, and failure to warn. (Ex. 1 ¶¶ 41–73; Ex. 2 ¶¶ 113–139.)  Each case is also in its earliest stages, as Abbott has not yet been served in either.

## III.    Argument

Local Rule 40.4 allows related cases pending in this District to be reassigned to the judge presiding over the earliest-filed case. *De Los Santos* and *Devine* qualify for reassignment to Your Honor for the same reasons that *Gschwend*, *Taylor*, and *Stuper* qualified for reassignment: (1) the cases are related to *Hall* per the rule's criteria, (2) the reassignment is "likely to result in a substantial saving of judicial time and effort," (3) the reassignment is not "likely to delay the proceedings in the earlier case substantially," and (4) the cases are "susceptible of disposition in a single proceeding." Local Rule 40.4(a)-(b).

### A.    The cases meet Local Rule 40.4's criteria for relatedness.

*Hall*, *De Los Santos*, and *Devine* are related because they "involve some of the same issues of fact or law." *Id.* 40.4(a)(2). Indeed, the same issues that were common between *Hall* and *Gschwend*, *Taylor*, and *Stuper* will arise in *De Los Santos* and *Devine* as well. These include issues of general causation (whether Abbott's preterm infant products are capable of causing NEC in premature infants) and preemption (whether the federal Infant Formula Act preempts the state law design defect claims). The *De Los Santos* and *Devine* complaints assert substantively identical allegations about Abbott's conduct as those asserted in *Hall* and in *Gschwend*, *Taylor*,

and *Stuper*, again using the same three causes of action to make allegations about the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, warning, and sale of the products. *See, e.g.*, Ex. 1 at 2; Ex. 2 ¶¶ 39–75.[2] Thus, *Hall*, *De Los Santos*, and *Devine* are also related within the meaning of the rule. *E.g.*, *Pochert v. Blatt, Hasenmiller, Leibsker & Moore*, 2011 U.S. Dist. LEXIS 102213, at *5 (N.D. Ill.) (reassigning cases because the "causes of action in each complaint are identical, as is the language in the majority of numbered paragraphs").

**B.    Reassignment will likely save judicial time and effort.**

Reassigning the cases will "likely … result in a substantial saving of judicial time and effort." Local Rule 40.4(b)(2). If the cases proceed in this District, it would be a waste of judicial resources for other judges to grapple with the same issues and causes of action that this Court will be deciding already in five other cases before it. Moreover, there is a risk of judicial inefficiency and inconsistency, regardless of MDL status, as this Court has already considered the common issues related to the motion for interim stay pending the JPML ruling.  It would be a waste of judicial resources to have other courts duplicate the work already completed by this Court. *See Helferich Pat. Licensing v. N.Y. Times*, 2012 U.S. Dist. LEXIS 56151, at *8–9 (N.D. Ill.) (ordering reassignment where it would be "a waste of limited judicial resources to require [multiple] judges to expend the time and effort necessary to understand" common issues); *Popovich v. McDonald's*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002) ("because of the overlap in issues, the handling of both cases by one judge is likely to result in a substantial savings of time and effort"). Reassignment would also reduce the risk of inconsistent rulings on legal issues and

---

[2] Indeed, the plaintiff in *De Los Santos* listed *Gschwend v. Abbott*, No. 1:22-cv-00197, which this Court has designated as related to *Hall* and reassigned to Your Honor pursuant to Local Rule 40.4, as a related pending case on the civil cover sheet.  *See* Ex. 1.

5

the expense of duplicative discovery issues. *Portis v. McKinney*, 2021 U.S. Dist. LEXIS 171091, at *5–6 (N.D. Ill.). Under the rule, these rationales support reassignment.

### C. Reassignment will not delay the *Hall* case.

There is little to no risk that reassignment of *De Los Santos* and *Devine* could "delay proceedings in the earlier case substantially" because all proceedings in *Hall* have been stayed pending a ruling by the JPML (ECF No. 20) and nothing had happened in *Hall* prior to the stay. Local Rule 40.4(b)(3).

### D. The cases are susceptible of disposition in a single proceeding.

Finally, *Hall*, *De Los Santos*, and *Devine* are susceptible of disposition together (*id*. 40.4(b)(4)), which is just another way of saying that the reassignment will save judicial time and effort. *Portis*, 2021 U.S. Dist. LEXIS 171091, at *6–7 (explaining that those two inquiries merge when claims are nearly identical); *Helferich*, 2012 U.S. Dist. LEXIS 56151, at *10–11 (Local Rule 40.4(b)(4) is met when cases "involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings"). If the cases are litigated in this District, this Court will be able to handle all pretrial proceedings[3] for *De Los Santos* and *Devine* together with *Hall* and the four related cases before Your Honor. *De Los Santos* and *Devine* are also capable of being disposed of with *Hall* and the related cases in a single proceeding, for example by motions for summary judgment based on general causation.

---

[3] Unlike the moving party before this Court in *Saleh v. Merchant*, 2017 U.S. Dist. LEXIS 85917, at *9 (N.D. Ill.) (Tharp, J.), Abbott is not moving for *consolidation* of *De Los Santos* and *Devine* with *Hall* or other related cases, and Abbott would oppose any such consolidation. "Reassignment does not require that the two cases be bound together, proceeding in unison for all purposes. In fact, reassignment does not even require the cases to be disposed of at the same time; they merely need to be *susceptible* to disposition at the same time," *Helferich*, 2012 U.S. Dist. LEXIS 56151, at *11 (emphasis in original), as they are here.

**IV.    Conclusion**

*De Los Santos* and *Devine* should be reassigned to Your Honor.


Dated: March 17, 2022                              Respectfully submitted,

                                              By: */s/ Stephen V. D'Amore*
                                                  Stephen V. D'Amore
                                                  Scott P. Glauberman
                                                  Bryce A. Cooper
                                                  Winston & Strawn LLP
                                                  35 West Wacker Drive
                                                  Chicago, IL 60601
                                                  (312) 558-5600
                                                  (312) 558-5700 (fax)
                                                  Email: sdamore@winston.com
                                                  Email: sglauber@winston.com
                                                  Email: bcooper@winston.com

                                                  *Attorneys for Abbott Laboratories*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of March 2022, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECMF System.

/s/ *Steven V. D'Amore*
Stephen V. D'Amore
*Attorney for Abbott Laboratories*