**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION**

| | |
|---|---|
| SHANNON E. HALL, as ADMINISTRATOR OF THE ESTATE OF ELI GREY HALL,<br><br>    Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant, | Case No.: 1:22-cv-00071<br><br>Hon. John J. Tharp, Jr. |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REASSIGN RELATED CASES PURSUANT TO LOCAL RULE 40.4**

COMES NOW Plaintiff, Shannon E. Hall, as Administrator of the Estate of Eli Grey Hall, and hereby Responds in opposition to the Defendant's Motion to Reassign Related Cases Pursuant to Local Rule 40.4 for the following reasons:

1) Three days from now, on March 31, 2022, the Judicial Panel on Multidistrict Litigation (hereinafter "JPML" or "Panel") is hearing arguments on Abbott's Motion to Transfer and Consolidate these very cases pursuant to 28 U.S.C. § 1407. Every Interested Party response filed in relation to Abbott's JPML motion has also supported Section 1407 transfer and consolidation of these cases, virtually assuring that the JPML will grant Abbott's Motion and that these very cases will be transferred by the JPML to a single District Judge in the next few weeks; and

1) In its Reply in support of its previous motion to reassign cases, Abbott informed this Court that the cases needed to be reassigned to a single judge to avoid inconsistent rulings and waste of judicial resources in the event that four (4) separate judges were to rule on the

motions to remand pending on those cases. That reasoning does not pertain to *De Los Santos v. Abbott*, No. 1:22-cv-01089 (Judge Steven C. Seeger) or *Devine v. Abbott, et al.*, No. 1:22-cv-01197 (Judge John F. Kness), as both cases were originally filed in the Northern District of Illinois, and no motions to remand are pending (or even could be filed) in these two (2) cases.

## ARGUMENT

1. **The Relief Defendant Seeks is Not Necessary at This Time**

Three days from now, the JPML will hear arguments from counsel for Abbott and Mead Johnson, as well as six (6) attorneys representing various plaintiffs, including the Plaintiff Hall.[1] None of the arguing counsel are advocating against the transfer and consolidation of these cases. All Interested Party responses filed before the JPML have agreed that Abbott's Section 1407 should be granted. As noted on the attached Argument Allocation (Ex. 1), the JPML expects Abbott Laboratories and Mead to both argue in support of consolidation in the District of Connecticut, and expects the arguing plaintiffs' counsel to advocate for consolidation in either the Northern District of Illinois, the District of the District of Columbia, the District of Nevada, the Western District of Missouri, the Middle District of Louisiana, or the Eastern District of Louisiana. Presumably, the Panel will elect to consolidate and transfer the cases to one of those seven (7) District Courts shortly after the March 31, 2022 hearing. As such, the relief Abbott seeks is unnecessary and Abbott's motion should be denied.

2. **Abbott's Previously Stated Reasoning for Reassignment is Not Present Here**

Both *De Los Santos v. Abbott*, No. 1:22-cv-01089 (Judge Steven C. Seeger) and *Devine v. Abbott, et al.*, No. 1:22-cv-01197 (Judge John F. Kness) were originally filed in the Northern

---

[1] The JPML's Argument Allocation is attached hereto as Exhibit 1.

District of Illinois. As such no motions to remand can or will be filed in these two (2) cases. In support of its previous motion to reassign cases, Abbott stated:

> Abbott's motion to reassign three related cases to this Court boils down to a very simple issue: should four judges, or one judge, decide four *identical* remand motions that are on the exact legal argument? The question answers itself. Judicial economy and consistency are entirely on the side of only one judge deciding the motions.
>
> …
>
> Abbott continues to believe that the MDL judge should decide the remand motions, but in case a stay is denied in any of these cases, Abbott moved to reassign them so that only one judge will rule on the remand motions—again for the sake of judicial economy and consistency. [2]

Not only are no motions to remand pending in the *De Los Santos* and *Devine* cases, there are no motions whatsoever currently pending in the cases. With no motions pending, there is not even a possibility of conflicting rulings or any waste of judicial resources that would potentially justify reassigning these cases, especially in light of the fact that the JPML is going to decide where to transfer and consolidate the cases in the next few weeks. Abbott's Motion should be denied.

## CONCLUSION

For the reasons stated above, the Court should deny Abbott's motion.

Dated: March 28, 2022                    Respectfully submitted,

/s/ *Charles Andrew Childers*
Charles Andrew Childers
Sara Tait Papantonio
Levin, Papantonio, Rafferty, Proctor,

---

[2] ECF No. 17 at p. 1

3

                                              Buchanan, O'Brien, Barr & Mougey, P.A.
                                              316 S. Baylen Street, 6th Floor
                                              Pensacola, Florida 32502
                                              (850) 435-7000
                                              achilders@levinlaw.com
                                              *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March, 2022, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECMF System.

/s/ *Charles Andrew Childers*
Charles Andrew Childers
*Attorney for Plaintiff*