Case: 1:22-cv-00071 Document #: 26 Filed: 04/18/22 Page 1 of 3 PageID #:407

Case MDL No. 3026   Document 119   Filed 04/08/22   Page 1 of 3

Presiding Judge: Rebecca R. Pallmeyer
Magistrate Judge: Maria Valdez
Filed: 04/18/2022
Lead case Number: 22-cv-71 PH



FILED
4/18/2022
PH
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: ABBOTT LABORATORIES, ET AL.,
PRETERM INFANT NUTRITION
PRODUCTS LIABILITY LITIGATION                                MDL No. 3026

### TRANSFER ORDER

**Before the Panel:** Defendants Abbott Laboratories and Abbott Laboratories, Inc. move under 28 U.S.C. § 1407 to centralize this litigation in the District of Connecticut. Defendants Mead Johnson & Company, LLC, and Mead Johnson Nutrition Company support the motion. All responding parties agree that centralization is appropriate for these cases in which plaintiffs contend that cow's milk-based preterm infant formula causes necrotizing enterocolitis (NEC) in babies born prematurely. Responding plaintiffs divide their support among several transferee districts: the District of the District of Columbia, the Northern District of Illinois, the Eastern District of Louisiana, the Middle District of Louisiana, the Western District of Missouri and the District of Nevada. Defendants' motion includes sixteen actions pending in seven districts, as listed on Schedule A, as well as twenty potentially-related actions in eight districts.[1]

After considering the argument of counsel, we find that centralization of these actions in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions can be expected to share factual questions arising from allegations that cow's milk-based infant formula products marketed under the Similac and Enfamil brand names have a higher propensity to cause necrotizing enterocolitis (NEC) in infants born prematurely than other, allegedly safer alternatives. Although some cases are slightly advanced, we are of the opinion that the parties can obtain significant efficiencies by placing all actions before a single judge. Centralization offers substantial opportunity to streamline pretrial proceedings; reduce duplicative discovery and conflicting pretrial obligations; prevent inconsistent rulings on common *Daubert* challenges and summary judgment motions; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Illinois is the appropriate transferee district for these cases. More cases are pending in this district than in any other district, and the Abbott defendants are based in the district. By selecting Judge Rebecca R. Pallmeyer, we are selecting a

---

[1] The motion for centralization initially included a seventeenth action pending in the Southern District of Illinois that since has been dismissed. The twenty potentially-related actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

Case: 1:22-cv-00071 Document #: 26 Filed: 04/18/22 Page 2 of 3 PageID #:408
Case MDL No. 3026   Document 119   Filed 04/08/22   Page 2 of 3

-2-

seasoned jurist who is well-versed in the complexities of multidistrict litigation.  We are confident that Judge Pallmeyer will steer this litigation on a prudent course to resolution.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Rebecca R. Pallmeyer for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton         Matthew F. Kennelly
David C. Norton             Roger T. Benitez
Dale A. Kimball             Madeline C. Arleo

IN RE: ABBOTT LABORATORIES, ET AL.,
PRETERM INFANT NUTRITION
PRODUCTS LIABILITY LITIGATION                                      MDL No. 3026

## SCHEDULE A

### Central District of California

| | |
|---|---|
| 22c v1987 | RICHARDSON v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 2:21−09932 |
| 22c v1989 | DAVIS v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 5:21−00481 |
| 22c v1991 | KELTON v. ABBOTT LABORATORIES, INC., C.A. No. 5:21−02145 |
| 22c v1994 | LITTLES v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 5:21−02146 |

### District of Connecticut

| | |
|---|---|
| 22c v1995 | HUNTE, ET AL. v. ABBOTT LABORATORIES, INC., C.A. No. 3:20−01626 |

### District of District of Columbia

| | |
|---|---|
| 22c v1996 | GEORGE v. ABBOTT LABORATORIES, INC., C.A. No. 1:20−02537 |

### Middle District of Florida

| | |
|---|---|
| 22c v1997 | SANCHEZ JUAN v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 6:21−00502 |

### Northern District of Florida

| | |
|---|---|
| 22c v1998 | CRAWFORD v. MEAD JOHNSON & COMPANY, ET AL., C.A. No. 1:21−00201 |

### Northern District of Illinois

HALL v. ABBOTT LABORATORIES, C.A. No. 1:22−00071
RINEHART, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:22−00192
GSHWEND, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:22−00197
TAYLOR, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:22−00203
STUPER, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:22−00204
MAR v. ABBOTT LABORATORIES, C.A. No. 1:22−00232
RHODES v. ABBOTT LABORATORIES, C.A. No. 1:22−00239

### Middle District of Louisiana

| | |
|---|---|
| 22c v2001 | BROWN, ET AL. v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 3:21−00687 |