**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, et al., ) | |
| PRETERM INFANT NUTRITION PRODUCTS ) | MDL No. 3026 |
| LIABILITY LITIGATION ) | |
| ) | Master Docket No. 22 C 71 |
| ) | |
| ) | Judge Rebecca R. Pallmeyer |
| This Document Relates to All Cases ) | |

## CASE MANAGEMENT ORDER NO. 1

On April 8, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") transferred to this court, under MDL No. 3026, the civil actions listed in its transfer and conditional transfer orders. Cases filed in this district but assigned to other judges have also been reassigned to this court as part of MDL No. 3026. This order will facilitate the management of this litigation.

**1. Applicability of This Order.** This order (and other future orders applicable to "All Cases") shall govern the practice and procedure of those actions transferred to this court by the JPML on April 8, 2022. The order also applies to all related cases filed in the Northern District of Illinois and any "tag-along actions" later filed in, removed to, or transferred to this court.

**2. Consolidation of Actions.** Civil actions transferred or reassigned to this court under MDL No. 3026 are consolidated for pretrial purposes only. Any "tag-along actions" will automatically be consolidated with this action. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which the party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**3. Filing**.

    **a. Master Docket.** The Clerk of the Court will maintain a master docket under the designation *In Re: Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation*, MDL No. 3026 and Master Docket No. 22 C 71.

**b.     Filing of Complaints.**  Counsel are expected to file tag-along cases in an appropriate venue; counsel may-directly file cases in the Northern District of Illinois only if properly venued here.  If a tag-along case is filed in another district, counsel must provide prompt notice to this court and the JPML of the propriety of transfer.  These "tag along" cases will be transferred to this court according to the procedures established by the JPML.  When an action that belongs in this case is transferred from another court or properly filed in the Northern District of Illinois, the Clerk of the Court will make an appropriate entry on the master docket sheet.

**c.     Filing Procedures.**  When a filing is intended to apply to all actions, it should be filed in the master docket and marked with the words:  "This Document Relates to All Cases."  When a filing is intended to apply to fewer than all cases, it should be filed in the relevant case docket (not on the master docket) and marked with the words:  "This Document Relates to [fill in the relevant case number(s)]."  All documents filed in this court must be filed electronically pursuant to Northern District of Illinois's General Order on Electronic Case Filing (General Order 16-0020).

**4.     Appearance.**  Any lawyer who will be active in this litigation is required to file an appearance for electronic notice purposes and must register with the court's CM/ECF filing system.  Any attorney who appeared in a transferor court and is admitted to practice and in good standing in any United States District Court is admitted *pro hac vice* in this litigation.

**5.     Interim Counsel.**  The court requests that counsel who are currently registered to receive electronic notifications in this litigation forward a copy of this order (and any additional orders that are issued prior to the appointment of Liaison and Lead Counsel) to other attorneys who have not registered to receive electronic notifications but have filed appearances in cases that have been or might be transferred to this court.

**6.     Interim Measures.**

**a.     Orders Entered by Transferor Courts.**  All orders entered by transferor courts imposing deadlines for pleadings or discovery are vacated.

**b.     Extensions and Stays.**  Any defendant who has not yet answered or otherwise pleaded to a complaint is granted an extension to a date to be set by the court.  All pending motions that predate transfer or reassignment are stricken without prejudice and must eventually be re-filed in this court, on a date to be set by the court after the initial status hearing.  Additionally, pending the initial status hearing and until further order of the court, all outstanding discovery is stayed and no further discovery may be initiated.

7.     **Initial Status Hearing.**

**a.     Logistics.**  An initial status hearing will be held on May 12, 2022 at 10:30 a.m.  The court will conduct this hearing via Webex, with a call-in number of 1-650-479-3207 and a WebEx access code of 23046009619.  All persons granted remote access are reminded of the general prohibition against photographing, recording, or rebroadcasting of court proceedings; violations may result in court-imposed sanctions.  Counsel should consider and be prepared to comment on whether in-person status hearings would be appropriate in the future, and how often such hearings should occur.

**b.     Appearance.**  The court will not require attorneys for each Plaintiff to attend the initial status hearing.  Plaintiffs with similar interests are encouraged to agree, to the extent practicable, on an attorney who will act on their joint behalf at the hearing.  Similarly, the Defendants (Abbott Laboratories, Abbott Laboratories, Inc., Mead Johnson & Company, LLC, and Mead Johnson Nutrition Company) must agree on the appropriate number of attorneys to attend the hearing; the court will require at least one attorney for each principal Defendant (an Abbott Laboratories entity and a Mead Johnson entity).  Persons who may later be joined as parties or who are parties in related litigation are invited to attend the initial hearing.  Attendance at the hearing will not constitute a waiver of objections to jurisdiction, venue, or service.

8.     **Agenda for Initial Status Hearing.**

**a.     Procedures for Complex Litigation.**  Counsel are expected to familiarize themselves with the court's local rules and procedures, as well as the *Manual for Complex*

*Litigation, Fourth* ("MCL 4th"). Counsel should be prepared at the conference to suggest procedures to facilitate the just and expedient resolution of this litigation.

    b.  **List of Related Cases.** Counsel are ordered to file a statement, on or before May 9, 2022, listing all known related cases pending in state or federal court; this list must identify which cases might properly be consolidated into this litigation and the status of those cases.

    c.  **Appointment of Counsel.** A motion for appointment of Plaintiffs' Leadership Counsel (including Plaintiffs' Co-Lead Counsel, Liaison Counsel, and Executive and Steering Committees) was filed on April 19, 2022. If there are any objections to this proposal, Plaintiffs' attorneys are directed to confer and seek consensus prior to the initial status hearing and, absent agreement to submit alternative proposals no later than May 10, 2022. Counsel are directed to be sensitive to the need for diversity with respect to relevant considerations, including (but not limited to) geography, gender, size of practice, litigation experience, and experience with MDLs. Counsel for Defendants are also directed to submit the names of their proposed Lead Counsel and Liaison Counsel by this date.

    d.  **Pleadings and Dispositive Motions.** Counsel for the parties should meet and confer to discuss whether a Master Complaint and Master Answer would be appropriate in this case. Counsel should be prepared to advise the court on this issue at the initial status hearing. The parties should also discuss a schedule for pleadings and dispositive motions.

    e.  **Discovery.** Counsel for the parties should meet and confer about the following topics, to be addressed at the initial status hearing:

- what fact discovery will be necessary;
- whether there are distinctions among cases that might counsel division into subsets, for which discovery would be separately coordinated;
- proposals for streamlining discovery;
- an entry of orders directing the preservation of evidence;
- an ESI discovery protocol;
- a discovery schedule, including deadlines for fact discovery and expert witness disclosures and related discovery.

Any party who wishes to address a matter not listed above should file on the master docket, no later than May 10, 2022, a "Request for Inclusion on the Initial Status Hearing Agenda."

9. **Preservation of Evidence.** Pending entry of an order regarding preservation of evidence, parties must take reasonable steps to preserve all evidence (including documents, ESI, and tangible things) potentially relevant to this litigation. Counsel are ordered to make reasonable efforts to identify and notify parties and nonparties of this directive.

10. **Compensation and Records.** Any lawyer who anticipates seeking an attorney fee award or expense reimbursement shall comply with MCL 4th § 14.213 and maintain contemporaneous records reflecting the services performed and expenses incurred.

ENTER:

Date: April 26, 2022

REBECCA R. PALLMEYER
United States District Judge