IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 3026<br><br>Master Docket No. 22 C 71<br><br>**DEFENDANTS' JOINT SUBMISSION RE STATUS OF CMO 1 TOPICS IN ADVANCE OF INITIAL STATUS HEARING**<br><br>**Judge Rebecca R. Pallmeyer** |

Defendants Abbott Laboratories, Inc. and Abbott Laboratories (together, "Abbott"), along with Defendants Mead Johnson, LLC and Mead Johnson Nutrition Company (together, "Mead Johnson"), respectfully provide the following report on efforts to meet and confer with Plaintiffs' counsel with respect to the items identified in Case Management Order No. 1 ("CMO 1").

1.  Following the issuance of CMO 1, on May 2, 2022, Defendants met with the three proposed lead counsel of the proposed Plaintiffs' leadership slate that filed its application for appointment on April 19, 2022 (the "April 19 Slate"), to discuss the issues identified in CMO 1. Defendants held a second meet and confer with the same group on May 6, 2022.

2.  On May 7, 2022, Defendants received an email from a representative of the proposed leadership slate that ultimately filed its leadership application on May 10, 2022 (the "May 10 Slate"), informing Defendants of the new proposed slate and requesting a meet and confer session on May 10. Defendants accepted that invitation. Subsequently, the April 19 Slate was invited to

the same meeting, and the meeting was ultimately attended by the three proposed lead counsel of the April 19 Slate and one of the proposed lead counsel of the May 10 Slate.

3. The meet and confer discussions have included exchanges and discussion of proposed orders provided by Defendants and the April 19 Slate, including drafts of a proposed Protective Order, Joint Coordination Order, Rule 502/Privilege Order, and others.

4. Subsequent to the May 10, 2022 meeting, Defendants circulated a proposed Joint Submission to identify for the Court the relevant areas of agreement and disagreement in advance of the May 12 status conference. Defendants have since been informed that the proposed plaintiff leadership slates were unable to reach agreement in order to join in that joint submission. Accordingly, Defendants respectfully submit this report of their own positions on the relevant issues:

A. **Whether in person status hearings would be appropriate in the future, and how often such hearings should occur. [CMO 7(a)]**

Defendants are available for in-person status hearings whenever the Court deems appropriate. Defendants suggest scheduled status conferences approximately every 6 weeks and/or as needed, depending upon the stage of the case. Defendants propose that the next Status Conference be held on or around **June 23, 2022**.

B. **Whether a Master Complaint and Master Answer would be appropriate in this case. The parties should also discuss a schedule for pleadings and dispositive motions. [CMO 8(d)]**

Defendants submit that a Master Complaint, with accompanying Short Form Complaints through which individual plaintiffs would identify any plaintiff-specific allegations or claims, would streamline the opening and responsive pleadings, as well as the discovery that might be necessary in order to prove and/or defend against such claims. Defendants further submit that any

such Master Complaint should not be merely administrative in nature, and should be subject to affirmative defenses and Rule 12 motions by defendants.

C. **What fact discovery will be necessary. [CMO 8(e)]**

Defendants believe that it would be beneficial and facilitate coordination between the federal MDL and related state cases, as well as streamline discovery, if the parties build, to the extent possible, on the plans for and agreements reached in the Illinois state cases to date for discovery.

Defendants submit that the parties should work to propose an agreed proposed <u>Discovery Plan</u> (addressing written discovery) to the Court within two weeks of the Court's appointment of lead Plaintiffs' counsel. To the extent the parties are not able to reach full agreement on that proposed submission, Defendants propose that the parties submit simultaneously to the court on that date the portion of the plan on which the parties agree, together with brief (3 pages or fewer) statements as to their positions as to the aspects on which they were not able to reach agreement.

D. **Whether there are distinctions among cases that might counsel division into subsets, for which discovery would be separately coordinated. [CMO 8(e)]**

Defendants do not believe such distinctions exist, with the exception that they believe it would be appropriate to identify a group of cases for bellwether treatment as to which full and priority discovery would be taken.

E. **Proposals for streamlining discovery. [CMO 8(e)]**

During the course of meeting and conferring with the Plaintiffs as described above, Defendants provided a draft <u>Joint Coordination Order</u> as a mechanism for streamlining discovery and facilitating coordination between the federal MDL and the related state cases. In addition to the Joint Coordination Order, the parties discussed working together on agreed joint proposals for

a Protective Order, a Discovery Plan (addressing written discovery), a Deposition Protocol, a Rule 502(d)/Privileged Materials Order, and an ESI protocol, based on the existing Illinois state orders.

Defendants submit that the parties should work to propose agreed versions of those orders to the Court within two weeks of the Court's appointment of lead Plaintiffs' counsel. To the extent the parties are not able to reach full agreement on any of these proposed submissions, Defendants propose that the parties submit simultaneously to the Court on that date the portion of the proposed submission(s) on which the parties agree, together with brief (3 pages or fewer, per submission) statements as to their positions as to the aspects on which they were not able to reach agreement.

For written discovery, Defendants propose to use the search terms and custodians agreed to in the Illinois cases.

**F.  An entry of orders directing the preservation of evidence. [CMO 8(e)]**

Defendants acknowledge the Court's statement regarding retention and preservation obligations set forth in CMO paragraph 9, and do not oppose the entry of a further order by the Court addressing these topics.

**G.  An ESI discovery protocol. [CMO 8(e)]**

*See* number 5 above (the parties should work together on an agreed joint ESI discovery protocol, based on the protocol in place in the Illinois state cases, and provide that joint submission to the Court within two weeks of the appointment of lead Plaintiffs' counsel).

**H.  A discovery schedule, including deadlines for fact discovery and expert witness disclosures and related discovery. [CMO 8(e)]**

In order to proceed with discovery expeditiously, Defendants seek prompt identification of bellwether cases in which discovery can take place. Defendants propose that within one week of the Court's appointment of lead Plaintiffs' counsel, the parties share with each other their proposals for selecting bellwether trial cases and for prioritizing discovery in the bellwether cases.

Defendants further propose to confer and provide to the Court within two weeks of the Court's appointment of lead Plaintiffs' counsel a proposal in this regard, including as to a bellwether selection process and for the proposed timing of discovery in relation to that process, including provision for deadlines for fact discovery, expert disclosures, expert discovery and other relevant discovery deadlines, in accordance with the Discovery Plan, Deposition Protocol and other agreed coordination procedures referenced above.

I.     **Other issues.**

Defendants propose that the parties submit simultaneous 20-page Position Statements to the Court, briefly describing their perspectives on the claims in the MDL and identifying the key issues in the case likely to bear on the Court's administration and management of this MDL.

In addition, as noted above, Defendants have proposed a Joint Coordination Order, and submit that prompt action to facilitate coordination with the related lawsuits in state courts will be important to the success of this MDL proceeding in achieving fair and efficient resolution of the cases at issue.

Lastly, the Mead Johnson Defendants respectfully flag the following issue for the Court's consideration. The Court's CMO provides that "[c]ounsel are expected to file tag-along cases in an appropriate venue; counsel may directly file cases in the Northern District of Illinois only if properly venued here." ECF No. 34 ¶ 3b. Regrettably, in violation of the Court's CMO, several Plaintiffs recently and improperly filed four complaints against Mead Johnson directly in the Northern District of Illinois, despite that personal jurisdiction and venue were lacking there. On May 10, 2022, Plaintiffs then moved to reassign those four cases to this MDL, even though none had been properly filed in the appropriate venue, and Mead Johnson is not subject to personal jurisdiction in this District. *See* ECF No. 54. The next day, before Mead Johnson was able to object, however, Plaintiffs' motion to reassign those cases to this MDL was granted. ECF No. 63. At the

Initial Status Hearing on May 12, 2022, Mead Johnson will respectfully request to address the Court on this issue, including to formally note its objection to the Plaintiffs' motion to reassign these cases and to (1) request that the Court set a briefing schedule to address the lack of personal jurisdiction and venue for those four cases; and (2) propose a plan to prevent this problem from continuing to recur.

Respectfully submitted,

Dated: May 11, 2022

By: */s/ Rachel M. Cannon*

Anthony J. Anscombe
Rachel M. Cannon
Darlene K. Alt
William R. Andrichik
STEPTOE & JOHNSON LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Phone: (312) 577-1300
Fax: (312) 577-1370
Email: aanscombe@steptoe.com
       rcannon@steptoe.com
       dalt@steptoe.com
       wandrichik@steptoe.com

*Attorneys for Defendants Mead Johnson Nutrition Company and Mead Johnson & Company, LLC*

By: */s/ Stephanie E. Parker*

Stephanie E. Parker
JONES DAY
1221 Peachtree Street NE
Suite 400
Atlanta, GA 30361
404.521.3939
404.581.8330 (fax)
Email: separker@jonesday.com

Meir Feder
JONES DAY
250 Vesey Street, Floor 34
New York, NY 10281
212.326.3939
212.755.7306 (fax)
Email: mfeder@jonesday.com

Bridget K. O'Connor
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939
202.626.1700 (fax)
Email: boconnor@jonesday.com

*Attorneys for Defendants Abbott Laboratories and Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May 2022, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Stephanie E. Parker*
Stephanie E. Parker
*Counsel for Abbott Laboratories & Abbott Laboratories, Inc.*