**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, et al., ) <br> PRETERM INFANT NUTRITION PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> This Document Relates to All Cases ) | MDL No. 3026 <br><br> Master Docket No. 22 C 71 <br><br> Judge Rebecca R. Pallmeyer |

**CASE MANAGEMENT ORDER NO. 2**

This order concerns the appointment of counsel in this multidistrict litigation ("MDL"). In Case Management Order No. 1, the court set a deadline for applications for proposed counsel. The court adopts in whole submissions from Defendants Abbott Laboratories and Abbott Laboratories, Inc. ("Abbott") [55] and Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company ("Mead Johnson") [61].

Two groups of Plaintiffs' attorneys made separate proposals: the so-called "First Slate" (*see* First Slate App. [32], First Slate Resp. [77]) and the "DRC Team" (*see* DRC App. [59], DRC Resp. [90]). The First Slate proposes four Co-Leads (originally three, before elevating José M. Rojas), one Liaison Counsel, a five-member Executive Committee, and a 14-member Steering Committee. The DRC Team proposes three Co-Leads (including Diandra "Fu" Debrosse Zimmerman), one Liaison Counsel, and a six-member Executive Committee. Additionally, one attorney (Jeffrey A. Bowersox) separately applied [50] for appointment to Plaintiffs' Steering Committee; neither group objected to this application. Having considered all applicants' written submissions, as well as the oral presentations made at the initial status hearing on May 19, 2022, the court here explains its inclination to adopt the First Slate's proposal, with the addition of Ms. Debrosse Zimmermann as Co-Lead Counsel and of Mr. Bowersox to the Steering Committee.

In appointing Plaintiffs' counsel, the court seeks lawyers who "are capable and experienced," and who "will responsibly and fairly represent all plaintiffs, keeping in mind the

benefits of diversity of experience, skills, and backgrounds." Bolch Judicial Institute, *Guidelines and Best Practices for Large and Mass-Tort MDLs*, Best Practice 3C.[1] The court notes, concerning the First Slate, that three of the proposed Co-Leads have significant experience with products liability MDLs; the newly added Mr. Rojas (who brings diversity of experience and background) litigated several of the early lawsuits concerning necrotizing enterocolitis ("NEC") and baby formula (the focus of this MDL) and currently has thirteen active federal cases. (*See* [32-1] at 2–3, 13–15, 36–37; [32-2] at 9–14; First Slate Resp. at 4.) Additionally, each proposed Co-Lead either drafted a response brief or argued before the Joint Panel on Multidistrict Litigation (JPML) for this MDL. (First Slate Resp. at 4.) Other members of the First Slate have also filed federal NEC cases and participated in the JPML proceedings. (*Id.* at 4–5.)

The DRC Team has comparatively less experience with this litigation and with similar MDLs. The DRC Team does not assert that any of its members participated in the JPML proceedings, and although the DRC Team claims to have some 2,000 clients, the Team appears to concede that at least two of its members have not yet filed any NEC lawsuit in federal court. (*See* First Slate Resp. at 9; DRC Resp. at 6; *see also* DRC App. at 6.) The court notes, further, that although Ms. Debrosse Zimmerman has extensive experience with products liability MDLs, the DRC Team's other proposed Co-Leads primarily point to extensive litigation experience in other practice areas. (*See* DRC App. 8–15; [59-1] at 18, 40–48, 79.) These differences between the proposed teams are significant. *Cf.* FED. R. CIV. P. 23(g)(1)(A) (in appointing class counsel, the court must consider, among other things, "the work counsel has done in identifying or investigating potential claims in the action" and "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action").

The court is sensitive to the DRC Team's objections to the First Slate, but believes they have been or can be addressed. First, the DRC Team alleges that the First Slate lacks diversity.

---

[1] *See* https://scholarship.law.duke.edu/bolch/5/ (last visited May 25, 2022).

Indeed, the court previously directed counsel "to be sensitive to the need for diversity with respect to relevant considerations, including (but not limited to) geography, gender, size of practice, litigation experience, and experience with MDLs." (Case Management Order No. 1 [34] at 4.) The First Slate responded to this concern by elevating Mr. Rojas to Co-Lead, and the court has (as part of its conditional approval of the First Slate) appointed Ms. Debrosse Zimmerman as Co-Lead.

Next, the DRC Team points to the proposed groups' size difference. The DRC Team is comprised of ten attorneys, and reports it intends to expand after interviewing younger attorneys. (DRC App. at 4–5.) The First Slate's proposed team—which, with the court's addition of Ms. Debrosse Zimmerman and Mr. Bowersox, totals 26 attorneys—is quite large, even by standards appropriate to a proceeding as complex as this one appears to be. Because the court is concerned that involving so many lawyers can result in duplication of efforts or confusion about responsibility for completion of various tasks, its approval of Plaintiffs' counsel is conditional. The court recognizes that there are likely to be a variety of ways to define and divide the work, and responsibilities may change over time. The court nevertheless believes it appropriate, to ensure efficiency and avoid duplicative efforts, for counsel to identify with greater specificity the roles to be played by the various attorneys, at least in the near term, and an explanation of the need for the large number. Co-Lead Counsel are therefore directed to provide a draft order no later than June 17, 2022, spelling out, in as much detail as possible, the responsibilities of the Co-Lead Counsel group, the Executive Committee, the Steering Committee, and Co-Liaison Counsel, as well as the expected responsibilities of each member of those groups. Upon review of that submission, the court will enter its order appointing Plaintiffs' counsel.

The court at this time approves the proposed defense counsel appointments:

**I. Defense Counsel**
    **A. Abbott's Lead Counsel**
        1) Stephanie E. Parker

B. **Abbott's Co-Liaison Counsel**
    1) Meir Feder
    2) Bridget K. O'Connor

C. **Mead Johnson's Lead Counsel**
    1) Rachel Cannon

D. **Mead Johnson's Co-Liaison Counsel**
    1) Darlene Alt
    2) William Andrichik

The court conditionally approves the following Plaintiffs' counsel appointments, subject to review and potential revision following further submissions from counsel on June 17, 2022:

II. **Plaintiffs' Counsel**

A. **Plaintiffs' Co-Lead Counsel**
    1) Timothy J. Becker
    2) C. Andrew Childers
    3) Wendy R. Fleishman
    4) José M. Rojas
    5) Diandra "Fu" Debrosse Zimmermann

B. **Plaintiffs' Executive Committee**
    1) David P. Matthews
    2) James R. Ronca
    3) Matthew J. Sill
    4) Ashlie Case Sletvold
    5) Diane K. Watkins

C. **Plaintiffs' Steering Committee**
    1) Russell T. Abney
    2) Annesley DeGaris
    3) Gerald J. Diaz, Jr.
    4) Deborah S. Dixon
    5) James R. Dugan, II
    6) Kelly Hyman
    7) Kristine K. Kraft
    8) Noah C. Lauricella
    9) Christopher T. Nace
    10) Ellen A. Presby
    11) Stephen Reck
    12) Pearl A. Robertson
    13) John F. Romano
    14) James M. Williams
    15) Jeffrey A. Bowersox

D. **Plaintiffs' Liaison Counsel**
    1) Elizabeth A. Kaveny

ENTER:

Date: May 26, 2022

_____
REBECCA R. PALLMEYER
United States District Judge

5