IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>*Thomas, et al. v. Mead Johnson & Company, LLC, et al.*, No. 4:22-cv-02460 (N.D. Cal.)<br>*Tracy et al. v. Mead Johnson & Company, LLC et al.*, No. 4:22-cv-02480 (N.D. Cal.)<br>*Hartwick et al. v. Mead Johnson & Company, LLC et al.*, No. 4:22-cv-02598 (N.D. Cal.) | MDL No. 3026<br><br>Master Docket No. 22 C 71<br><br>Judge Rebecca R. Pallmeyer |

### PLAINTIFFS' ADMINISTRATIVE MOTION TO RULE ON PREVIOUSLY SUBMITTED REMAND MOTIONS FILED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiffs have each moved to remand their cases from the United States District Court for the Northern District of California to the California state court in which the Plaintiffs' cases were initially filed. Should the JPML transfer these cases to this MDL, Plaintiffs, by and through their undersigned counsel, hereby move this Honorable Court to rule on the remand briefing already filed in these cases, and in support thereof, state as follows:

The above-named Plaintiffs initially filed cases in California state court. Though each of these cases included a California-based hospital, Abbott nevertheless removed these cases to federal court on the assertion that the hospitals were fraudulently joined. The three removed cases are *Thomas, et al. v. Mead Johnson & Company, LLC, et al.*, No. 4:22-cv-02460, *Tracy et al. v. Mead Johnson & Company, LLC et al.*, No. 4:22-cv-02480, and *Hartwick et al. v. Mead Johnson & Company, LLC et al.*, No. 4:22-cv-02598. Abbott also filed Notices of Related Cases with the Judicial Panel on Multidistrict Litigation (JPML), leaving these cases subject to the second and

1

third Conditional Transfer Order. Plaintiffs have objected to the transfer of these cases to the MDL, and the JPML will hear that issue on July 28, 2022.

The Plaintiffs are all California citizens and are the parents of preterm infants who were fed infant feeding products from Abbott and Mead while at a California hospital, and then developed necrotizing enterocolitis. These Plaintiffs have brought claims against both the manufacturers of the infant formulas and the hospitals that provided the formula. Because both the Plaintiffs and California hospitals are California residents, there is no federal subject matter jurisdiction. Plaintiffs have thus filed emergency motions to remand these cases to the state court in which they were filed so they can finally proceed with their asserted claims.

Plaintiffs file this administrative motion to request that, should the JPML transfer these cases to the MDL, that this Court rule on the remand motions as already filed. To rule on whether Plaintiffs have fraudulently joined the California hospitals, this Court must consider two legal issues. The first is the contours of the California law under which Plaintiffs have brought claims against the California hospitals. That issue has been extensively and fully briefed in the already-filed remand motions. *See* Exhibits A–D to the Declaration of Alexandra M. Walsh. The second is the fraudulent joinder standard under Seventh Circuit law. That issue has also been fully briefed by the parties in connection with the remand motions filed on behalf of Pennsylvania plaintiffs in cases that were also removed based on fraudulent joinder. *See, e.g.,* Motion to Remand, *Abdullah v. Mead Johnson & Company*, No. 1:22-cv-02511 (N.D. Ill. May 17, 2022), Dkt. 22; Memorandum in Support of Abbott's Omnibus Mem. of Law in Opp. to Plaintiffs' Mots. to Remand, *In Re: Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation*, MDL No. 3026, Master Docket No. 22 C 71 (N.D. Ill. June 6, 2022), Dkt. 115; Pennsylvania Plaintiffs' Reply in Support of Their Motions to Remand, *In Re: Abbott Laboratories, et al., Preterm Infant Nutrition*

*Products Liability Litigation*, MDL No. 3026, Master Docket No. 22 C 71 (N.D. Ill. June 17, 2022), Dkt. 125. Given the extensive remand briefing the parties have already filed, there are no remaining issues for the parties to present to this Court.

Multiple courts have acknowledged that these remand issues have been addressed by the parties, are ripe for adjudication, and should not languish on the docket with no ruling. For example, Judge Gilliam of the United States District Court of the Northern District of California stayed these cases pending the JPML's decision on transferring them to the MDL. In issuing the stay and addressing concerns about excessive delay, Judge Gilliam noted that such concerns were minimal. Order Granting Motions to Stay at 3, *Thomas v. Mead Johnson & Company, LLC*, No. 4:22-cv-02460 (N.D. Cal. June 27, 2022), Dkt. 14 ("Because the motions to remand are already fully briefed, the resources required for Plaintiffs to refile the motions before the MDL court are minimal."). Likewise, when the issue of remand motions first arose in this MDL at the Initial Status Hearing on May 19, 2022, this Court noted that it has no desire for the MDL to become a "black hole" for cases with pending motions to remand. And after setting June 30, 2022, as an opportunity for argument, if any, on pending motions to remand, this Court indicated at that conference that it did not require argument on the motions, further demonstrating that the remand issue can be resolved on the papers. Indeed, this Court must decide jurisdiction expeditiously, and waiting on such motions for broader MDL aims is improper. *See* Order at 4, *In re Harris Cnty.*, No. 21-3637 (6th Cir. Mar. 11, 2022), Dkt. 6-1.

Plaintiffs have met and conferred with Abbott about this administrative motion and asked if Abbott would join in the motion. Abbott does not, in part because it believes that filing this motion now is premature. But Plaintiffs bring this administrative motion now so the Court can consider it immediately, thus expediting a decision on Plaintiffs' remand motions should their

3

cases be transferred. These Plaintiffs filed their cases nearly half a year ago and have been unable to even begin their litigation, and they understandably wish to have this issue decided as quickly and efficiently as possible so that they may seek justice in the California courts where they belong.

WHEREFORE, Plaintiffs move this Honorable Court to make its remand ruling on the existing record should Plaintiffs' cases be transferred to this Court.

Dated: July 15, 2022

Respectfully submitted,

/s/ Alexandra M. Walsh
Alexandra M. Walsh (N.D. Ill. No. 6339947)
**WALSH LAW PLLC**
1050 Connecticut Ave, NW, Suite 500
Washington, D.C. 20036
Telephone: (202) 780-4127
Fax: (202) 780-3678
Email: awalsh@alexwalshlaw.com

Ashley Keller (IL Bar No. 6300171)
Ben Whiting (IL Bar No. 6307321)
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5220
Email: ack@kellerpostman.com
Email: ben.whiting@kellerpostman.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

                                      */s/ Alexandra M. Walsh*
                                      Alexandra M. Walsh