#### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 3026<br><br>Master Docket No. 22 C 71<br><br>CASE MANAGEMENT ORDER NO. 6<br><br>AGREED JOINT COORDINATION ORDER<br><br>Judge Rebecca R. Pallmeyer |

### AGREED JOINT COORDINATION ORDER

1. This proceeding captioned *In re Abbott Laboratories et al., Preterm Infant Nutrition Products Liability Litigation*, MDL No. 3026 (the "MDL Proceeding") is pending before the undersigned Hon. Rebecca R. Pallmeyer in the United States District Court for the Northern District of Illinois. Actions involving the same subject matter as this MDL are pending in a number of state courts (the "Related Actions"). Because the MDL and the Related Actions involve similar allegations and many of the same parties, discovery in the various proceedings will substantially overlap.

2. To achieve the full benefits of this MDL Proceeding and the various state court proceedings for all parties, the Court has and will continue to encourage cooperative efforts to coordinate with courts presiding over the Related Actions. This Court recognizes that state courts are independent jurisdictions, and no party waives any jurisdictional rights or obligations, nor state court or other statutory deadlines, or remedies with regard to case management, discovery, trial setting, pre-trial dates, trial, or case resolution by agreeing to coordinate with the MDL.

Nevertheless, this Court also recognizes that there are important benefits to such coordination for all parties, including for all jurisdictions presiding over these matters.

3. To facilitate coordination between the MDL Proceeding and the Related Actions, each court that enters this Joint Coordination Order is doing so to further the just and efficient disposition of each proceeding. Any Related Action in which this Coordination Order has been entered by the court in which the action is pending is referred to herein as a "Coordinated Action." Each court entering this Coordination Order (each a "Coordinating Court") is mindful of the jurisdiction of each of the other courts in which Coordinated Actions are pending and does not wish to interfere with the jurisdiction or discretion of those courts.

4. Therefore, the parties jointly stipulate that they will work together to coordinate discovery when possible, in order to avoid duplication of effort and to promote the efficient and speedy resolution of the MDL Proceeding and the Coordinated Actions and, to that end, the following procedures for discovery and pretrial proceedings shall be adopted:

## I. Definitions

5. Coordinated Action: Any Related Action in which the court has entered this Coordination Order, is referred to herein as a "Coordinated Action" or, collectively, as the "Coordinated Actions."

6. Coordinated Action Liaison Counsel: Plaintiffs' counsel from the Coordinated Action designated by the Coordinating Court to work with MDL Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel to facilitate coordination of discovery in the Coordinated Action.

7. Coordinating Court: Any court presiding over a Related Action that has entered this Coordination Order.

8. MDL Discovery & Protective Orders: the MDL Protective Order, ESI Order, Deposition Protocol Order, and any subsequent Case Management Order entered in the MDL Proceeding governing the conduct of discovery.

9. MDL Court: this Court.

10. MDL Proceeding: this pending MDL proceeding, *In re: Abbott Laboratories, et al., Preterm Infant Nutrition Product Liab. Litig.*, MDL No. 3026, including all cases that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

11. Plaintiffs' Liaison Counsel: Elizabeth Kaveny

12. MDL Plaintiffs' Counsel: Lead Counsel appointed by the Court to oversee the prosecution of the MDL Proceedings.

13. Related Action: Actions involving the same subject matter as MDL 3026 that are pending in state courts.

14. Related Action Discovery & Protective Orders: protective orders, ESI orders, deposition protocol orders, and/or any other order governing the conduct of discovery entered in Related Actions.

## II. Implementing This Coordination Order

15. Any court before which any Related Action is pending may join this Coordination Order thereby authorizing the parties to that action to participate in coordinated discovery as and to the extent authorized by this Order, in accordance with the terms of the MDL Protective Order, ESI Order, Deposition Protocol Order, and any subsequent Case Management Order entered in the MDL Proceeding governing the conduct of discovery (collectively, the "Discovery & Protective Orders"). Each court that adopts this Order shall also enter Related Action Discovery & Protective Orders (including but not limited to protective orders, ESI orders, and deposition protocol orders),

which shall govern the use and dissemination of all documents and information produced in coordinated discovery conducted in accordance with the terms of this Order.[1] Discovery in the MDL Proceedings will be conducted in accordance with federal law, including the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court. Discovery in the Coordinated Actions shall be governed by the laws of the states in which such Actions are pending. Discovery disputes shall be resolved as set forth below. Parties to the MDL Proceeding and their counsel may also participate in discovery in any Coordinated Action as set forth in this Order.

### III. Limitation on Duplicative Discovery

16. The parties in a Coordinated Action may not take discovery that is duplicative of discovery taken in the MDL Proceeding absent permission from the court in which the Coordinated Action is pending. Such leave shall be obtained in the Court in which the Coordinated Action is pending (with notice of such proceedings provided to this Court). Notwithstanding the above, nothing in this Order shall: (1) supersede any rules related to deposition practice that are unique to an individual state proceeding; or (2) preclude MDL Plaintiffs' Counsel from designating time during any Deposition to any Coordinated Action lawyer. For the avoidance of doubt, the parties need not obtain leave of court to conduct non-duplicative discovery relating solely to case-specific issues, such as discovery that is unique to individual plaintiffs in a Coordinated Action.

### IV. Use of Discovery Obtained in the MDL Proceeding

17. Counsel representing a party in a Coordinated Action will be entitled to receive all generally applicable (i.e., non-plaintiff specific) fact discovery taken of parties or third parties in

---

[1] This Order recognizes that individual Related Actions will have their own protective and other discovery orders in place, and that those orders will define the appropriate use of discovery materials in the Related Actions, regardless of whether such materials are received pursuant to this Order or through other means.

the MDL Proceeding, provided that such discovery shall be used or disseminated only in accordance with the Discovery & Protective Orders entered by the Court in which the Coordinated Action is pending. All issues regarding the admissibility of the discovery taken of parties or third parties in the MDL Proceeding are reserved to be addressed by the court presiding over the Coordinated Action at the time of trial.

18. Counsel representing a party in the MDL Proceeding shall be entitled to receive all generally applicable (i.e., non-plaintiff specific) fact discovery taken of parties and third parties in any Coordinated Action, provided that such discovery shall be used or disseminated only in accordance with the terms of the MDL Discovery & Protective Orders. All issues regarding the admissibility in the MDL Proceeding of the discovery taken of parties or third parties in the Coordinated Actions are reserved to be addressed by the MDL Court, or the court to which the case is remanded.

19. Requests for documents, interrogatories, depositions on written questions, and requests for admission propounded in the MDL Proceeding and Coordinated Actions will be deemed to have been propounded and served in the MDL Proceeding and Coordinated Actions as if they had been propounded under the applicable civil discovery rules of the respective jurisdictions. All parties reserve the right to seek good faith numerical limits on discovery through agreement or order of the Court upon a showing of good cause. The MDL Proceeding's written discovery requests will be governed by federal law, including the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the MDL Court, including the MDL Discovery & Protective Orders. For the avoidance of doubt, the Coordinated Actions' written discovery requests shall be governed by the laws of the states in which such actions are pending including, but not limited to, numerical limits on the number of interrogatories, document requests, and request for admissions.

20. Any counsel representing a party in a Coordinated Action shall, in accordance with the MDL Discovery & Protective Orders, have access to any document repository or document website that may be established by the parties to the MDL Proceeding.

21. Depositions taken in the MDL Proceeding may be used in the Coordinated Actions, subject to and in accordance with the terms of the MDL Discovery & Protective Orders as well as those applicable in any courts in which the Coordinated Actions are pending, as if they had been taken under the applicable discovery rules of the Coordinated Action's jurisdiction. Similarly, any deposition taken in a Coordinated Action will be deemed available for use in the MDL Proceeding, subject to and in accordance with the terms of the MDL Discovery & Protective Orders. All issues regarding the admissibility of the depositions taken of parties or third parties in the MDL Proceeding are reserved to be addressed by the court presiding over the Coordinated Action at the time of motion practice or trial.

## V.  Coordination Among Counsel

22. Any court presiding over a Coordinated Action and wishing to grant the parties before it access to coordinated discovery may do so by joining this Order and designating one plaintiffs' counsel from the Coordinated Action ("Coordinated Action Liaison Counsel") to work with MDL Plaintiffs' Lead and/or Liaison Counsel and Defendants' Liaison Counsel to facilitate coordination of discovery in the Coordinated Action and discovery in the MDL Proceeding.

23. Defendants' Liaison Counsel shall promptly serve upon Coordinated Action Liaison Counsel all discovery requests (including requests for documents, interrogatories, depositions on written questions, requests for admission, and subpoenas *duces tecum*), responses and objections to discovery requests, deposition notices, correspondence or other papers modifying discovery requests or schedules, and discovery motions, or requests for hearing on discovery disputes regarding coordinated discovery matters that are served upon the parties in the MDL

Proceeding. Service may be made by electronic means. Deposition notices shall be served by email or other electronic means. Defendants' Liaison Counsel shall also be responsible for providing such documents from the Coordinated Actions to counsel in the MDL Proceeding and other Coordinated Actions.

## VI.     Participation in Depositions

24.     Each deposition noticed in the MDL Proceeding, absent leave of the MDL Court, will be conducted: (i) on at least 21 days' written notice, and (ii) in accordance with the Federal Rules of Civil Procedure, the Discovery & Protective Orders and any other procedures imposed by the MDL Court. Counsel for the noticing parties in the Coordinated Actions shall coordinate (i) amongst themselves and with the party producing the witness to schedule the depositions; and (ii) amongst themselves as to the time necessary with the deponent and as to allocation of that time amongst the questioning counsel at the deposition.

25.     Consistent with the objectives of this Order to streamline overlapping discovery efforts and to avoid unnecessarily duplicative discovery, the default timing for any deposition in the Coordinated Actions shall be limited to two days, for a total of ten hours of testimony on the record. To the extent that the noticing parties believe that additional time with a limited number of particular witnesses is warranted, they may (in consultation with the other noticing parties) request such additional time in noticing the deposition, with the noticing and producing parties to meet and confer in good faith to address such requests in the first instance. If efforts to reach agreement on the length of time to be permitted for any particular deposition are unsuccessful, the noticing party may request leave, from the Court in which that party's case is pending, to take additional deposition time with the deponent.

26.     For depositions noticed by any plaintiff in the MDL Proceeding, at least one Lead

Counsel for the MDL Plaintiffs, or their designee, shall confer with Coordinated Action Liaison Counsel, or their designees, in advance of each deposition, with the purpose of limiting the number of attorneys asking questions, with the MDL Plaintiffs and Coordinated Action Liaison Counsel to allocate the division of time amongst themselves.

27. Counsel for any party in a Coordinated Action shall be permitted to cross-notice and attend any deposition scheduled in the MDL Proceeding, subject to any limits on in-person attendance due to logistical or facilities limitations, as addressed in the Deposition Protocol. Upon receipt of a Notice of Taking Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) and cross-noticed in Coordinated Actions under applicable state statutes, Counsel for Plaintiffs in a Coordinated Action shall have 10 days to cross-notice additional, non-duplicative 30(b)(6) topics. Counsel for any party in a Coordinated Action shall cooperate with Counsel for Defendants to coordinate cross-noticing of depositions in a Coordinated Action and the MDL Proceeding where practical and appropriate.

28. MDL Plaintiffs' Counsel and Coordinated Action Plaintiffs' Counsel shall make reasonable efforts to ask questions that are non-duplicative of questions already asked by plaintiffs' Counsel in the deposition. Participation of plaintiffs' counsel from multiple actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding or the Coordinated Actions. Counsel for a party in a Coordinated Action shall be permitted to make objections during examination by other counsel in accordance with the Federal Rules of Civil Procedure, the Local Rules of the MDL Court, the Orders of the MDL Court, including the Discovery & Protective Orders, and any applicable state court provisions. An objection by one plaintiff's counsel shall be deemed to have been made on behalf of counsel for all plaintiffs, and an objection by one defendant's counsel shall be deemed to have been made by counsel for all defendants. Whether or not the parties are able to reach agreement on such steps, any party seeking

to re-depose a witness is subject to the provisions set forth herein.

29. Subject to the Discovery & Protective Orders, counsel representing any party in a Coordinated Action may obtain directly from the court reporter at its own expense a transcript of any deposition taken in the MDL Proceeding.

30. If any party to the MDL Proceeding or a Coordinated Action has been provided with reasonable notice of and the opportunity to participate in a deposition taken in the MDL Proceeding or Coordinated Action, and was provided the written discovery described in Section IV above at least 45 days prior to the deposition (subject to the parties' meet and confer efforts as to particular depositions noticed and the documents bearing on such depositions), it shall not be permitted to re-depose that deponent without obtaining an Order from the court in which that party's Action is pending upon a showing of good cause. The parties shall make reasonable efforts to ensure no witness is deposed in his/her individual capacity a second time without good cause.

31. Any party or witness receiving a notice of deposition that it contends is not permitted by the terms of this Coordination Order shall have 7 calendar days from receipt of the notice within which to serve the noticing party with a written objection to the deposition, and then 7 calendar days to meet and confer with the noticing party to attempt in good faith to resolve such objection. In the event the parties are not able to resolve such objection, the deposition shall not go forward until the noticing party applies for and receives an order from the MDL Court or Coordinating Court granting leave to take the deposition.

32. The parties and counsel shall consult in advance with opposing counsel and proposed deponents in advance of noticing the depositions to schedule depositions at mutually convenient times and places.

**VII. Participation in Written Discovery**

33. All parties to the MDL Proceeding or the Coordinated Actions shall be entitled to

receive copies of generally applicable (i.e., non-plaintiff specific) responses to interrogatories, responses to depositions on written questions, responses to requests for admission, and documents produced in the MDL Proceeding and in any Coordinated Action, and shall use such materials only in accordance with the terms of the Discovery & Protective Orders.

34. Any counsel representing a party in a Coordinated Action shall, in accordance with the MDL Discovery & Protective Orders, have access to any document repository or document website that may be established by the parties to the MDL Proceeding.

## VIII. Discovery Dispute Resolution

35. Prior to any party in the MDL Proceeding or Coordinated Actions filing a discovery motion, the parties must first attempt to resolve the dispute in good faith and in accordance with the procedures and requirements of their respective jurisdictions. In the event the parties are not able to resolve disputes that may arise in the coordinated pretrial discovery conducted in the MDL Proceeding or Coordinated Actions, including disputes as to the interpretation of the applicable Discovery & Protective Orders, such disputes will be presented to the Court in which the case in dispute is pending. Parties engaged in discovery disputes shall place their dispute before the Court by way of a joint statement that includes the moving party's position, as well as the responding party's position. The Court may hold an informal discovery conference as appropriate to resolve the dispute. Resolution of such disputes shall be pursuant to the applicable federal or state law, and such resolution may be sought by any party permitted by this Coordination Order to participate in the discovery at issue.

36. In the event additional discovery is sought in a Coordinated Action that is non-duplicative of discovery conducted in the MDL Proceeding or is otherwise permitted by leave of court for good cause shown, and the parties to that action are not able to resolve any discovery disputes that may arise in connection with that additional discovery, such disputes will be

presented to the court in which that Coordinated Action is pending. The moving party shall attach to any such discovery motion a copy of any briefing or rulings (or transcripts if no ruling are available) from the MDL Court and any state court(s) that bear on the issues in that discovery dispute.

37. This procedure pertains to disputes arising during the discovery process only, and nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any party to the admissibility in connection with motion practice or at trial of any documents, deposition testimony or exhibits, written discovery responses, or other evidence provided or obtained in accordance with this Coordination Order, whether on grounds of relevance, materiality, or any other basis, and all such objections are specifically preserved. The admissibility into evidence of any material provided or obtained in accordance with this Coordination Order shall be determined by the court in which such action is pending pursuant to the law and rules of evidence governing in that court.

**IT IS SO ORDERED.**

Dated: August 18, 2022

_____
REBECCA R. PALLMEYER
United States District Judge