**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Case No. 1:22-cv-0071<br>MDL No. 3026<br><br>Hon. Rebecca R. Pallmeyer |

**EXHIBIT E TO AMENDED CMO NO. 8**
**(Common Benefit Participation Agreement)**

**THIS AGREEMENT** is made this \_\_\_\_ day of _____, 2022 by and between the Plaintiffs' Co-Lead Counsel appointed by the United States District Court for the Northern District of Illinois in MDL 3026 and _____ **[Name of the Firm Executing the Agreement]** (the "Participating Counsel").

**WHEREAS**, the United States District Court for the Northern District of Illinois has appointed Timothy Becker, C. Andrew Childers, Wendy R. Fleishman, Jose M. Rojas, and Diandra "Fu" Debrosse Zimmerman (hereinafter collectively referred to as "Lead Counsel") to serve as Co-Lead Counsel for the Plaintiffs in this MDL 3026, to facilitate the conduct of pretrial proceedings in the federal actions relating to injuries allegedly caused by the ingestion of certain preterm infant nutrition products (such injuries shall hereinafter also be referred to as "NEC"); and

**WHEREAS**, Lead Counsel, in association with other attorneys working for the common benefit of plaintiffs, have developed or are in the process of developing work product that will be valuable in all proceedings and benefit all plaintiffs alleging injury caused by the ingestion of certain preterm infant nutrition products ("Common Benefit Work Product"); and

1

**WHEREAS**, Participating Counsel is desirous of acquiring the Common Benefit Work Product and establishing an amicable working relationship with Lead Counsel for the mutual benefit of their clients;

**NOW THEREFORE**, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

I.  **SCOPE OF AGREEMENT**

   A.  **Purpose**

This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product pursuant to Amended Case Management Number ("CMO") No. 8 and this Participation Agreement. Any plaintiffs' attorney who executes this Agreement or who is otherwise bound to this Participation Agreement by Amended CMO 8 ("Participating Counsel") is entitled to receive the Common Benefit Work Product created by those attorneys who have also executed, or have been deemed to have executed, the Participation Agreement, regardless of the venue in which the attorney's cases are pending.

   B.  **Rights and Obligations of Participating Counsel**

Participating Counsel shall be provided access to the Common Benefit Work Product, including access to the document depository. Participating Counsel agree that all NEC cases and/or claims in which Participating Counsel has a fee interest, including unfiled cases, tolled cases, and/or cases filed in state and/or federal court, are subject to the terms of this Participation Agreement. Participating Counsel shall produce a list that correctly sets forth the name of each client represented by them and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has filed a civil action alleging NEC. Such list shall

include the court and docket number of each such case. Participating Counsel shall also produce a list that contains the name of each client represented by them and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has not yet filed a civil action. Participating Counsel shall supplement the lists on a quarterly basis and provide the lists to Lead Counsel. The initial list shall be provided within 30 days of signing this Agreement and must be supplemented every 90 days thereafter.

II.     **AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY**

Subject to the terms of this Agreement and the terms of Amended CMO No. 8, all plaintiffs and their attorneys who agree to settle, compromise, dismiss, or reduce the amount of a claim, or with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, for any NEC claims are subject to an assessment of the Gross Monetary Recovery, as provided herein.

A.     **Assessment Amount**

Lead Counsel are unable to estimate the assessment on gross recovery amount at this time given the stage of the litigation. Lead Counsel, in consultation with PEC and PSC, shall recommend an assessment amount to the Court at a later date when there is a better understanding of the amount of work and cost necessary to create the Common Benefit Work Product. The proposed assessment amounts are subject to the right of Lead Counsel or their designee(s) to request reallocation of the total assessment between fees and expenses at the time the application for disbursement is made or for modifications of the assessment for good cause shown. This assessment represents a holdback (*See In re Zyprexa Prods. Liab. Litig.*, 267 F.Supp.2d 256 (E.D.N.Y. 2006)).

The Participation Agreement is a private and cooperative agreement between plaintiffs'

3

attorneys only, and not defendants or defendants' counsel. All plaintiffs' attorneys who currently have cases pending in any state court and who want to become a Participating Counsel shall, within 30 days of this Order, execute the Participation Agreement. Any plaintiffs' attorney who does not yet have an NEC case filed in any federal or state court and who wants to become a Participating Counsel shall execute the Participation Agreement within 30 days of the date their first case is filed in any court, if that lawyer intends to voluntarily become a Participating Counsel at the fee and expense percentages set forth herein.

### B. Gross Monetary Recovery Defined

Gross Monetary Recovery includes any and all amounts paid to plaintiffs' and/or their counsel by defendant(s) through a settlement or pursuant to a judgment. In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (*e.g.*, Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future.

### C. Covered Cases

The assessment amount set forth above and in the related Common Benefit Order shall apply to all cases now pending or later filed in, transferred to, or removed to MDL 3026 and treated as part of the coordinated proceeding known as *In re: Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation*, regardless of whether the plaintiff's attorney is either Participating or Non-Participating Counsel. Counsel who sign this Participation Agreement further agree that the assessment shall apply to all un-filed cases,

tolled cases, and/or cases filed in state court in which they have a fee interest, regardless of the size of that fee interest.

Non-Participating Counsel who have no fee interest in any case in MDL 3026 are not required to pay an assessment on state court cases or on un-filed cases. Any such Non-Participating Counsel who do not sign the Participation Agreement are not entitled to receive Common Benefit Work Product, and may be subject to an increased assessment on all NEC cases/claims in which they have a fee interest if they receive any Common Benefit Work Product or otherwise benefit from the work product created by Lead Counsel and other Participating Counsel working with the MDL. Non-Participating Counsel shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

D.    **Attorneys' Fee Lien**

With respect to each client represented in connection with NEC related claims that are filed or pending in any Federal or State court, are un-filed, or are subject to a tolling agreement, each Participating Counsel shall agree to have defendants deposit or cause to be deposited in the NEC Fee and Expense Funds established by the MDL Court a percentage of the gross amount recovered by each such client that is equal to the assessment amount. In the event defendants do not deposit the assessed percentage into the Funds, plaintiff and plaintiff's Participating Counsel shall deposit or cause to be deposited in the NEC Fee and Expense Funds established by the MDL Court a percentage of the gross amount recovered by each such client that is equal to the assessment amount. Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to Lead Counsel a lien upon and/or a security interest in any fee (a) generated as a result of any recovery by any client who they represent in connection with any NEC claims and (b) they have any interest in, to the full

extent permitted by law, in order to secure payment in accordance with the provisions of this Agreement. Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

    **E.**    **Attorney-Client Contracts**

Both Lead Counsel and Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of settlement or conclusion eventually made in either state or federal cases, Lead Counsel will recommend to the MDL Court that appropriate consideration will be given to individual case contracts between attorneys and their clients.

**III.**    **DISTRIBUTION OF FES**

    **A.**    **No Individual Right to the Funds**

No party or attorney has any individual right to any common benefit funds except to the extent directed by Order of the MDL Court. Common benefit funds will not constitute the property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed by court order. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Agreement.

    **B.**    **Court Approval**

The amounts deposited in the NEC Fee Fund shall be available for distribution to attorneys who have performed professional services or incurred expenses for the common benefit. The MDL Court retains jurisdiction over any common benefit award. The undersigned Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients,

hereby consents to the jurisdiction of the MDL Court in connection with any common benefit award. Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and reimbursement prior to any recommendation to the Court. It is expected that due consideration of payment of common benefit fees and expenses will be given to the recommendation of Plaintiffs' Common Benefit Fee Committee by the MDL Court.

I _____ [name of lawyer executing the Agreement] hereby represent to the Lead Counsel that I have the authority to execute this Agreement on behalf of my law firm and have the authority to bind my law firm to the terms of this Agreement.

Dated: _____

Law Firm Name:
Attorney's Name:

**PLAINTIFFS' CO-LEAD COUNSEL**

Dated: _____

Timothy J. Becker
Plaintiffs' Co-Lead Counsel

Dated: _____

C. Andrew Childers
Plaintiffs' Co-Lead Counsel

Dated: _____

Wendy R. Fleishman
Plaintiffs' Co-Lead Counsel

Dated: _____

Jose M. Rojas
Plaintiffs' Co-Lead Counsel

Dated: _____

Diandra "Fu" Debrosse Zimmerman
Plaintiffs' Co-Lead Counsel