IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION | MDL NO. 3026<br><br>Master Docket No. 1:22-cv-00071 |
| This Document Relates to:<br><br>ALL ACTIONS | Hon. Rebecca R. Pallmeyer |

**DEFENDANTS' MOTION FOR SCIENTIFIC PRESENTATIONS TO THE COURT**

Defendants Abbott Laboratories and Abbott Laboratories, Inc. (collectively "Abbott"), and Mead Johnson, LLC and Mead Johnson Nutrition Company (collectively "Mead"), respectfully request that the Court schedule a "Science Day," in or about December 2022, during which the parties may make non-adversarial scientific presentations to assist the Court with overall case management and further the efficient progression of this litigation.

Science Days are frequently used in multi-district product liability proceedings such as this to provide the court with necessary medical and scientific background information to resolve issues that will arise in the case. *See* Federal Judicial Center, *Tutorials on Science and Technology* ("*FJC Tutorials*") 1 (2018); *see also* American Bar Association, Civil Trial Practice Standard, Section 7: Use of Tutorials to Assist the Court 12 (2007) (recommending that courts "permit or require the use of tutorials to educate the court," in order "to provide the court with background information to assist the court in understanding the technology of other complex subject matter involved in the case"). "Some transferee judges reported finding [early science tutorials] more instructive than *Daubert* hearings." Bolch Judicial Institute, Guidelines and Best Practices for Large and Mass-Tort

MDLs (Second Edition) (2018). To promote this educational function, and to distinguish the procedure from hearings and motions practice that comes later in the case, Science Days are generally non-adversarial (meaning no cross-examination or argument on the merits of the legal issues) and are conducted "off the record." *FJC Tutorials* at 11-12.

Judges presiding over complex litigation routinely use Science Days as a way for the court to learn about specific technical or scientific aspects of the litigation. *See FJC Tutorials* at 1. For example, courts ordered Science Days in the following product liability MDLs, among many others: *In re: Mirena IUS Levonorgestrel-Related Products Liability Litig. (No. 2)*, MDL No. 2767 (Dkt. 11); *In re: Incretin Mimetics Products Liability Litig.*, MDL No. 2452 (Dkt. 200); *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litig.*, MDL No. 3014 (Dkt. 683). Science Days are often held at an early stage of the proceedings, to assist with case management and discovery. *See FJC Tutorials* at 3-4.

In *Mirena*, the court explained that it "will hold 'Science Day' to provide the Court with an overview of the medical, scientific, and epidemiological issues associated with the Mirena® intrauterine device and intracranial hypertension in an objective format without advocacy." *In re: Mirena IUS Levonorgestrel-Related Products Liability Litig. (No. 2)*, MDL No. 2767 (Dkt. 11). In *Incretin*, the court explained that "[t]he purpose of Science Day is to apprise the Court, in a non-adversarial manner, of the following issues: (a) the nature of Type 2 diabetes; (b) pharmacological issues, i.e. the role of the Incretin-based therapies in treating Type 2 Diabetes; (c) pancreatic cancer and associated mortality and morbidity rates; and (d) data regarding the effects of the Incretin-based therapies on the pancreas." *In re: Incretin Mimetics Products Liability Litig.*, MDL No. 2452 (Dkt. 200). And in *CPAP*, the court noted that "the goal of Science Day is to educate the undersigned about how the devices at issue in these MDLs work and the scientific

theories underlying the MDLs." *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litig.*, MDL No. 3014 (Dkt. 683). This Court similarly allowed the parties to make scientific presentations to the Court in the *In re Zimmer* MDL. *See In re: Zimmer Nexgen Knee Implant Products Liability Litig.*, MDL No. 2272 (Dkt. 213).

      Defendants respectfully submit that a Science Day would serve a similarly valuable purpose in this MDL by providing this Court with helpful background regarding the underlying medical and scientific issues presented by the parties' claims and defenses. As discussed in defendants' Position Statement and plaintiffs' Complaints, these cases involve complex epidemiological and medical issues related to the special nutritional needs of, and medical challenges faced by, premature and low birthweight infants; the design of preterm infant formulas and fortifiers; the administration of specialized formulas and fortifiers to promote the growth of premature infants in the hospital NICU; and the risk factors for, and diagnosis and treatment of, necrotizing enterocolitis ("NEC") in premature infants.

      Here, many aspects of the science and medicine underlying the claims and defenses are appropriate for presentation at an early Science Day. For example, a Science Day presentation could include topics such as the challenges premature infants face because of their underdeveloped or maldeveloped organ systems, generally; the diagnosis, treatment, and risk factors for NEC; and the development of specialty preterm infant formula and fortifier products. And holding a Science Day on these topics in the near term would best accomplish the goals of such tutorials and this MDL.

      Science Days also present an opportunity for the sharing of helpful information between state and federal cases. *See FJC Tutorials* at 9-10. In the *CPAP* MDL, the court indicated it would invite the state court judge presiding over parallel litigation. *In re: Philips Recalled CPAP,*

3

*Bi-Level PAP, and Mechanical Ventilator Products Litig.*, MDL No. 3014 (Dkt. 683). In *In re Incretin-Based Therapies Products Liability Litigation* (MDL No. 2542), the transferee judge for the MDL and the state transferee judge for the California Judicial Council Coordination Proceedings (JCCP) held a joint Science Day. With advances in videoconferencing platforms, judges from across the country can now observe proceedings remotely. The sharing of information between federal and state courts is thus an added benefit of conducting a Science Day at an early stage of this proceeding.

      WHEREFORE, defendants respectfully request that the Court enter an order scheduling a Science Day in or around December 2022, for the parties to present non-adversarial presentations regarding the complex scientific issues underlying this litigation.

Dated: October 4, 2022							Respectfully Submitted,

| By: /s/ *Rachel M. Cannon* | By: /s/ *Stephanie E. Parker* |
|---|---|
| Anthony J. Anscombe<br>Rachel M. Cannon<br>Darlene K. Alt<br>William R. Andrichik<br>STEPTOE & JOHNSON LLP<br>227 West Monroe, Suite 4700<br>Chicago, IL 60606<br>312.577.1270<br>312.577.1370 (fax)<br>Email: rcannon@steptoe.com<br>312.577.1262<br>Email: dalt@steptoe.com<br>312.577.1273<br>Email: wandrichik@steptoe.com<br><br>*Attorneys for Defendants Mead Johnson, LLC and Mead Johnson Nutrition Company* | Stephanie E. Parker<br>JONES DAY<br>1221 Peachtree Street NE<br>Suite 400<br>Atlanta, GA 30361<br>404.581.8552<br>404.581.8330 (fax)<br>Email: separker@jonesday.com<br><br>Meir Feder<br>JONES DAY<br>250 Vesey Street, Floor 34<br>New York, NY 10281<br>212.326.7870<br>212.755.7306 (fax)<br>Email mfeder@jonesday.com<br><br>Bridget K. O'Connor<br>JONES DAY<br>51 Louisiana Avenue NW<br>Washington, DC 20001<br>202.879.3869<br>202.626.1700 (fax)<br>Email: boconnor@jonesday.com<br><br>*Attorneys for Defendants Abbott Laboratories and Abbott Laboratories, Inc.* |