IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | MDL 3026 <br><br> Hon. Rebecca R. Pallmeyer |

### DEFENDANTS MEAD JOHNSON & COMPANY, LLC, AND MEAD JOHNSON NUTRITION COMPANY'S OBJECTIONS TO PLAINTIFFS' PROPOSED MODIFICATIONS TO THE CASE SCHEDULE

Mead Johnson opposes the PLC's requests that (a) the bellwether trial selection date be deferred by nearly three months, until December 1, 2023; (b) fact discovery extend another seven months, until March 29, 2024; and (c) no other dates be set by the Court at this time. The PLC's proposal is unwarranted and would unduly delay the progress of this case. For its part, Mead Johnson has met its discovery commitments and cooperated with the PLC on discovery. The PLC's complaints about Mead Johnson's bellwether discovery efforts, document production and custodian designations are meritless.

*First*, the PLC does not need discovery conducted by Defendants to make their trial selections. The PLC has full access to the plaintiffs (their own clients), their health care providers, and their medical records. The PLC, unlike Mead Johnson, may interview any physicians of their choosing. While the PLC claims that they have been deprived of the opportunity to take physician depositions, they have not identified any specific physicians whose depositions they want to take. Mead Johnson has not prevented plaintiffs from conducting

1

physician depositions. It has simply concluded that it does not need depositions in order to make its own trial selections.

Nor has Mead Johnson ever committed to take any depositions for trial selection purposes. The Stipulated Discovery Protocol dated April 18, 2023 provides that Defendants "*may* take up to 3 fact/medical depositions in each bellwether case" to facilitate trial selections. Doc. 349 at 1 (emphasis added). It does not require that Defendants take *any* depositions, let alone take any physician depositions, before the trial selection date. Mead Johnson conserved resources for itself and the bellwether plaintiffs by choosing to defer depositions. And as to deposing the bellwether plaintiffs, Mead Johnson served deposition notices on each plaintiff on August 3, 2023, seeking deposition dates prior to September 14, 2023.[1] Counsel for the bellwether plaintiffs, with full knowledge of the September 14, 2023 bellwether trial selection date (*see* Doc. 365 at 2), could only schedule one deposition prior to that date.

*Second*, Mead Johnson has not been dilatory in its production of documents or witnesses. General liability discovery is on track with the parties' agreed-upon schedule. The PLC's assertion that they need more documents from more custodians rings hollow, given that they ignored the agreed-upon deadline to identify any additional custodians, and are struggling to review the documents that they already have.

**Document Production**. Mead Johnson has complied with its commitment to use its best efforts to substantially complete custodial productions on a rolling basis, from June 30 through October 30, 2023. As the PLC acknowledges, Mead Johnson has produced a substantial number of documents over the course of discovery, including custodial and non-custodial productions.

---

[1] Mead Johnson waited to serve those notices until after it had an opportunity to review the case-specific document productions due from the bellwether plaintiffs by July 12, 2023 (some of which arrived late or were incomplete). *See* Doc. 365 at 2.

Since late June, Mead Johnson has produced 4,112,308 pages of documents. Since the inception of this litigation, Mead Johnson has produced over 8.7 million pages to date. The PLC's timeline and chart show that documents have been rolling out to the PLC on a regular basis. To date, Mead Johnson has made substantial productions for 36 custodians (not 31).[2] Mead Johnson is on track to complete its document production by the end of October 2023, as previously contemplated.

**Depositions**. The PLC has deposed three Mead Johnson witnesses to date. That has been the PLC's choice. As the PLC's brief shows, Mead Johnson has been rolling out document productions on a regular basis for identified custodians. Mead Johnson also has cooperated in scheduling depositions in response to the PLC's requests for specific witnesses. The PLC appears to have focused its deposition resources on Abbott, and deferred taking deposition of Mead Johnson's witnesses. It cannot and should not blame Mead Johnson for its own allocation of resources.

**Custodians**. The PLC simultaneously complains that they (a) have received a greater volume of documents than they can manage from the existing custodians; but they (b) want records from even more custodians over the next few months. The existing custodians cover all pertinent facets of Mead Johnson's infant nutrition business, including (a) C-Suite members (two custodians); (b) Medical Affairs and Education (nine custodians); (c) Research & Development (thirteen custodians); (d) Sales (six custodians); (e) Medical Marketing; (eight custodians); (f) Regulatory Affairs (four custodians); and (g) Communications/Lobbying (four custodians).[3]

---

[2] The PLC asserts that some Mead Johnson custodians may have "zero documents." That assertion is not based on any information from Mead Johnson. To date, Mead Johnson is not aware of any identified custodians with "zero" responsive documents.

[3] The PLC's number of total MDL custodians for Mead Johnson is incorrect. Mead Johnson designated 23 general liability custodians in the Illinois state court litigation. The PLC provided Mead Johnson a

3

On June 16, 2023, the PLC committed in the Proposed Revised Schedule provided to the Court to use its best efforts to name any additional general liability custodians by June 30, 2023. Doc. 365 at 2. The PLC has not abided by this commitment. Indeed, The PLC has not even accepted additional custodians affirmatively offered by Mead Johnson. At the PLC's request, on June 15, 2023, Mead Johnson provided a list of five individuals with responsibilities for foreign regulatory affairs and lobbying. Mead Johnson supplemented that list with another name on June 21, 2023, and with five more names on July 7, 2023. The PLC has not responded to these suggestions.

Notwithstanding their own inaction, the PLC will, in fact, receive records from another handful of custodians requested on August 15 by the state plaintiffs, who, like the PLC, can expect Mead Johnson's production to be complete by October 30, 2023.

## CONCLUSION

For all of the foregoing reasons, Mead Johnson respectfully requests that the Court deny the PLC's request to extend the bellwether trial selection date to December 1, 2023 and extend the fact discovery deadline to March 29, 2024.

DATE: September 7, 2023

By: /s/ *Elyse D. Echtman*
Anthony J. Anscombe
Rachel M. Cannon
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
312.577.1270
312.577.1370 (fax)
aanscombe@steptoe.com
rcannon@steptoe.com

---

supplemental list of 26 custodians on May 9, 2023. However, the PLC's list included three existing custodians. Thus, the total number of MDL general liability custodians for Mead Johnson is 46, not 49.

Elyse D. Echtman
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
212.506.3900
eechtman@steptoe.com

*Attorneys for Defendants Mead Johnson & Co., LLC and Mead Johnson Nutrition Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 7th day of September, 2023, a true and correct copy of the foregoing Submission was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Elyse D. Echtman*
Elyse D. Echtman