**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:  ABBOTT LABORATORS,  *et al.*, | ) | |
| PRETERM INFANT NUTRITION PRODUCS | ) | **MDL 3026** |
| LIABILITY LITIGATION | ) | |
| _____ | ) | **Master Docket No. 22 C 71** |
| | ) | |
| **This Document Relates to All Matters** | ) | **Judge Rebecca R. Pallmeyer** |

## ORDER

The court conducted an in-person status conference on February 6, 2024, and entered the following directives, more fully stated on the record.

I.     **Motion to Dismiss**

Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's Motion to Dismiss for Failure to Identify the Product at issue [410] is entered and continued.

This motion is aimed at complaints that are filed by Plaintiffs against Mead Defendants, where the Plaintiffs have not determined that Mead was in fact the manufacturer of the products alleged to be harmful.  The court sees no need to brief this issue for now, as all parties agree that Mead may only be sued for harms caused by products that Mead itself manufactured and distributed. The dispute here (which has, in the court's view, been adequately briefed), is whether Plaintiffs have made appropriate pre-filing determinations.

Plaintiffs insist they have in fact made good faith efforts to obtain relevant information, but that it is not always readily available, even from medical records.  They also note circumstances in which individual plaintiff(s) contact counsel on a date so close to expiration of the statute of limitations that there is insufficient time to seek such records by way of a request.  Mead disputes this; Mead contends that a medical records request will routinely reveal the manufacturers of products administered to patients.  Mead thus contends that Plaintiffs have not been diligent.  For their part, Plaintiffs continue to request that Mead itself confirm the existence (or non-existence) of its own contracts with medical providers—a request that Mead contends is unduly burdensome.

That this conflict continues is troubling.  As more fully explained in open court, the court lifts the discovery stay with respect to this issue only.  As always, Plaintiffs' attorneys are expected first to request and examine their clients' medical records.  Where those records are incomplete and follow-up efforts are unsuccessful, however, Plaintiffs' counsel have leave to serve a targeted subpoena on medical providers.   Plaintiffs' attorneys will also have leave to serve such a subpoena on medical providers in circumstances where the client first sought counsel within 45 days of the expiration of the statute of limitations, such that obtaining medical records by way of a request is not feasible.

All such subpoenas are governed by Rule 45.  The court understands that counsel often seek and achieve voluntary cooperation with subpoenas, and enforcement is thus rarely necessary.  Should the response to the request for medical records and subpoenas still leave uncertainty about the source of the relevant product, Plaintiffs have asked that Mead disclose

whether it had a contract to provide product to the relevant medical center at the relevant time frame. The court hopes and expects the need for this will be rare. Before requiring Mead to comply with such a request, the court will convene a short hearing at which it will expect to hear a Mead records custodian describe in detail the difficulty of complying.

## II.    Discovery Schedule

The parties are conferring regarding possible revision of the discovery schedule. Absent agreement, the parties will brief their positions as follows: Plaintiff to submit a position paper, no more than seven pages, on or before 2/12/24; Defendants' response, of no more than a combined 7 pages, is due on or before 2/16/24; Plaintiffs' Reply, if necessary, of no more than 2 pages, is due on or about 2/20/2024.

## III.    Barrett-Reis Deposition

The parties have entered into a Stipulation regarding the Barrett-Reis Deposition, under which a judge will supervise the deposition. The court will execute the Stipulation, and expects the parties will cooperate in good faith to minimize the need for the court's intervention in the deposition. The parties are directed to coordinate scheduling with the courtroom deputy.

## IV.    Next Status Conference

A further status conference is scheduled for February 22, 2024, at noon.

ENTER:

Dated: February 9, 2024

_____
REBECCA R. PALLMEYER
United States District Judge

2