IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 1:22-cv-00071<br>MDL 3026<br>Hon. Rebecca R. Pallmeyer |

**JOINT STATUS REPORT AND STIPULATION REGARDING PRETRIAL BRIEFING**

The parties discussed at the last status hearing concerns regarding the length and complexity of the upcoming Rule 702 and dispositive motions briefing schedule. Mindful of the Court's comments, the parties have met and conferred and have agreed on a simplified structure that they hope will foreground the key issues for the Court, while maintaining the overall schedule previously entered. Below are the elements of the parties' stipulation:

**I.      Rule 702 Motions**

The prior scheduling order contemplated that Rule 702 motions would be filed in all four bellwether cases, with respect to all experts, in the upcoming weeks prior to the March hearing. In the interest of streamlining the submissions to the Court, if the Court is amenable, the parties have agreed to delay briefing regarding case-specific experts for the *Diggs*, *Brown*, and *Inman* to a date closer to the start of those trials, and to delay briefing on non-medical experts for the *Mar* case to the MIL dates. The parties have also agreed to some slight amendments of the original briefing schedule. Specifically:

a.   Defendants will file Rule 702 motions against general causation expert Dr. Jennifer Sucre, and Defendant Abbott will file its Rule 702 motion directed at Dr. DeZure, Plaintiff's case-

specific expert in *Mar*, on **January 24, 2025**. Plaintiffs will file any oppositions on **February 28, 2025**, and Defendants will file replies on **March 14, 2025**.

b. Plaintiffs will file Rule 702 briefs against Abbott experts Martin, Smith, Carter, Makuch, Lucey, and Starc, or against Mead expert Claud on **February 14, 2025**. Defendants will file their oppositions on **March 14.** Plaintiffs waive replies.

c. The parties in *Mar* will file their *motions in limine* and any Rule 702 motions directed at experts Scheer, Mohr, Wallingford, Chintagunta, D'Alton, and Williamson on **March 21, 2025**; oppositions to be filed on **April 11, 2025**; and no replies. Plaintiff will also file a Rule 702 motion directed at Mead expert Dr. Hay on this schedule. Page limits for Rule 702 motions will be per the Local Rule (15 pages). The parties are continuing to discuss page limitations for *motions in limine* and will report to the Court no later than February 28, 2028 regarding the status of any agreement.

d. On January 17, Plaintiffs served both a supplemental report and an amended report for Dr. Spector addressing issues raised in his deposition. Defendants contend the new reports are untimely and improper; the PLC disputes this contention. The parties have agreed that Defendants will take a 3-hour supplemental deposition of Dr. Spector on January 31. Defendants will file their Rule 702 motion against Dr. Spector on **February 7, 2025**; opposition to be filed on **March 7, 2025**; reply to be filed **March 21, 2025**. Defendants additionally reserve their rights to move to strike the supplemental and amended reports as part of their Rule 702 motion.

## II. Initial Rule 56 Motions

Consistent with the agreement regarding Rule 702 motions, the parties have agreed to defer the briefing of case-specific summary judgment issues in the *Diggs*, *Brown*, and *Inman* cases to a time period closer to the start of trial, and have adjusted the dates for the issues to be heard at the March hearing. Specifically, Abbott will file a Rule 56 motion regarding the *Mar* case on **January 24, 2025**. Plaintiffs will file their oppositions on **February 28, 2025**. Defendants will file their replies on **March 14, 2025**.

Defendants will also file Rule 56 motions regarding issues of general causation, if any, simultaneously with the briefing for Dr. Spector.

## III. Page Limits for Initial Briefing

For the briefing described above in items **I.a, I.b, I.d**, **II**, and the motion against Dr. Hay described in **I.c**, each side will have up to 95 pages aggregate for its opening briefs (to be allocated across motions); each side will have up to 95 pages aggregate for its oppositions (to be allocated across motions); and Defendants will have up to 45 pages aggregate for replies (to be allocated across replies).

For Abbott's Rule 56.1 statement of fact in conjunction with the *Mar* Rule 56 motion, Abbott will comply with the limits set forth in the rule for their numbered paragraphs. For the Rule 56 motion on general causation, Defendants shall be limited to 15 numbered paragraphs in their Rule 56.1 statement of facts. These numbered paragraphs are in addition to the aggregate page limits agreed to by the parties above.

## IV. Remaining *Diggs*, *Brown*, and *Inman* Motions

The parties in *Diggs*, *Brown*, and *Inman* will file all remaining Rule 702 and Rule 56 motions, including remaining Rule 702 motions regarding experts Scheer and Mohr, 70 days prior to the start of each of those trials, with oppositions being due 40 days prior to the start of

trial and replies 30 days prior. If the previous trial is still ongoing at the point when these motions will otherwise be due, the parties contemplate that these deadlines will shift to avoid conflicts and agree to meet and confer in good faith regarding that issue.

The parties will confer regarding a schedule for *motions in limine* in *Diggs*, *Brown*, and *Inman*.

## V. *Mar* Final Pretrial and Trial

The Court will conduct a final pretrial conference on April 17. In the event the case is not resolved by dispositive motions, trial in the *Mar* case will begin on May 5. The parties are conferring regarding proposed dates for jury selection and proposed time limits for trial presentation.

| | |
|---|---|
| Date: January 24, 2025 | Respectfully Submitted, |
| By: */s/ Timothy J. Becker*<br>Timothy J. Becker<br>JOHNSON BECKER, PLLC<br>444 Cedar Street<br>Suite 1800<br>St. Paul, MN 55101<br>Telephone: (612) 436-1800<br>tbecker@johnsonbecker.com<br>CO-LEAD COUNSEL | By: */s/ Emily S. Ullman*<br>Paul W. Schmidt<br>Phyllis A. Jones<br>Emily S. Ullman<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001<br>202-662-6000<br>pschmidt@cov.com<br>pajones@cov.com<br>eullman@cov.com<br><br>*Attorneys for Defendants Mead Johnson & Company, LLC, and Mead Johnson Nutrition Company*<br><br>By: */s/ Ed Carter*<br>James F. Hurst, P.C.<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>312.862.5230<br>Email: james.hurst@kirkland.com<br>LEAD COUNSEL<br><br>Edward M. Carter (admitted pro hac vice)<br>JONES DAY<br>325 John H. McConnell Boulevard<br>Columbus, OH 43215<br>614.281.3906<br>emcarter@jonesday.com<br><br>*Counsel for Defendant Abbott Laboratories, Inc.* |