UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION | MDL No. 3026 <br><br> Master Docket No. 1:22-cv-00071 |
| This Document Relates To: <br><br> CHRISTINA TAYLOR, *on her own behalf and as parent and natural guardian of I.H., a minor* v. ABBOTT LABORATORIES, *et al.* | Case No. 1:24-cv-11764 <br><br> Hon. Rebecca R. Pallmeyer |

### ABBOTT'S SUPPLEMENTAL BRIEFING

Pursuant to the Court's July 3, 2025 Order (Dkt. 655), Defendant Abbott Laboratories respectfully submits further argument demonstrating that Plaintiff fraudulently joined Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition—and has now voluntarily dismissed these defendants, only confirming their bad-faith joinder.

The focus of Abbott's removals of the Pennsylvania state court cases has generally been that the hospital defendants did not belong in these cases. In the *Taylor* case, however, Plaintiff Christina Taylor sued Mead Johnson and then moved into its state of incorporation. The fact that she sued Mead Johnson, however, does not defeat diversity here. Among other problems, Plaintiff does not have, and never had, a claim against Mead Johnson. Her infant, I.H., never received a Mead Johnson product—and indeed, Plaintiff agreed to voluntarily dismiss Mead Johnson today for this very reason. Plaintiff therefore never had a reasonable possibility of prevailing against Mead Johnson. And Plaintiff's counsel—who had a duty to conduct a reasonable inquiry into the facts and relevant law prior to filing suit—should have known from the outset that Mead was an improper party. For these reasons, Mead Johnson was fraudulently joined to the *Taylor* action such that its citizenship should be disregarded and the case, which

1

otherwise satisfies the requirements for this Court's diversity jurisdiction, should remain in federal court.

Plaintiff filed this action on March 24, 2022, in the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County. *See generally* Mar. 24, 2022 Compl. Plaintiff alleged that Abbott's "***and/or Mead's***" cow's milk-based preterm infant formula and/or fortifier products caused I.H. to develop necrotizing enterocolitis. *See id.* ¶¶ 70, 73 (emphasis added). But Plaintiff never alleged that any specific Mead Johnson product was administered to I.H., nor did she raise any non-conclusory allegation tying Mead Johnson's products to her case. Nor has Plaintiff cured deficiencies in her allegations against Mead Johnson, despite having ample opportunities to do so. *See* Sept. 8, 2023 First. Am. Compl.; July 16, 2024 Second Am. Compl. Medical records from I.H.'s birth hospital, which are and have been in Plaintiff's possession, do not identify ***any*** Mead Johnson product administered to I.H. Despite having no case against Mead Johnson, Plaintiff still decided to name it as a defendant and then waited for over two years—***after*** this Court set a deadline for further briefing on Mead Johnson's status—to voluntarily dismiss Mead Johnson. *See* Dkt. 24 (July 16, 2025 Joint Stipulation of Dismissal), 24-cv-11764.

Taken together, Plaintiff's "'collective litigation actions'" demonstrate that she does not, and never did, have a reasonable possibility of success on her claims against Mead Johnson and lacked any good faith intention to ever pursue them. Dkt. 655 at 14 (quoting *Faulk v. Husqvarna Consumer Outdoor Prods. N.A., Inc.*, 849 F. Supp. 2d 1327, 1331 (M.D. Ala. 2012)). Such actions confirm that Mead Johnson was fraudulently joined. *See Wiacek v. Equitable Life Assur. Soc. of U.S.*, 795 F. Supp. 223, 226 (E.D. Mich. 1992) (finding fraudulent joinder where plaintiff's claim against defendant was based on a "virtually non-existent factual

2

[and legal] basis").

Because Mead Johnson's presence in this case was always unwarranted and without a legitimate basis in fact or law—and because Mead Johnson has now been voluntarily dismissed, in any event—the Court should find that Plaintiff fraudulently joined Mead Johnson such that its citizenship could not defeat diversity jurisdiction at any point. And, because there is no dispute that the remaining parties are completely diverse, it should remain in federal court.

Dated: July 16, 2025

Respectfully submitted,

/s/ *James F. Hurst*
James F. Hurst, P.C
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com

/s/ *Linda T. Coberly*
Stephen V. D'Amore
Linda T. Coberly
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
312.558.5600
sdamore@winston.com
lcoberly@winston.com

*Counsel for Defendant Abbott Laboratories*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 16, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

      /s/ Linda T. Coberly
      *Counsel for Defendant Abbott Laboratories*