IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION | MDL No. 3026 <br><br> Master Docket No. 1:22-cv-00071 <br><br> Hon. Rebecca R. Pallmeyer |
| This Document Relates to: <br><br> ALL CASES | |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 15**
**(Protocol for Selection of Second-Wave Bellwether Trial Cases)**

**I.  SCOPE OF ORDER**

In furtherance of the effective and efficient case management of complex litigation, this Case Management Order ("CMO") will govern the guidelines and procedures for a second wave of cases to be tried as bellwether cases in this MDL Proceeding (the "Second-Wave Bellwether Trials").

**II.  SECOND-WAVE BELLWETHER TRIAL CASES**

By agreement of the Parties, the following cases in which Abbott is the sole defendant shall be eligible as cases in the Second-Wave Bellwether Trials or remand upon request by case counsel:

1. *Kelton v. Abbott Laboratories, Inc.* Case No. 1:22-cv-01991
2. *Cresap v. Abbott Laboratories, Inc.* Case No. 1:22-cv-01951
3. *McCarthy v. Abbott Laboratories, Inc.* Case No. 1:22-cv-03794

**III.  SELECTION OF SECOND-WAVE BELLWETHER TRIALS**

Within three business days of the entry of this CMO, Plaintiffs' Co-Lead Counsel shall provide to Abbott their selection (one case) from among the eligible cases for the first Second-Wave Bellwether Trial

1

Abbott shall provide to Plaintiffs' Co-Lead Counsel its selection (one case) from among the remaining eligible cases for the second Second-Wave Bellwether Trial one business day after Plaintiffs select their case.

The remaining case will be the third Second-Wave Bellwether Trial.

## IV. COOPERATION BY CASE-SPECIFIC COUNSEL

Case-specific counsel in the Second-Wave Bellwether Trial cases must certify to the Court that they will comply with CMO No. 13, including by allowing Co-Lead Counsel or their designees to conduct the case-specific pretrial workup and briefing in the bellwether cases, including identifying the witnesses to be noticed for deposition, determining the lead examiner(s) for each noticed deposition, completing all bellwether-related briefing and arguments, and selecting the trial team for bellwether cases. ECF No. 587, PageID #11551-52.

## V. ORDER & SCHEDULE OF SECOND-WAVE BELLWETHER TRIALS

Plaintiffs' selection shall be tried first, with Abbott's selection second, and the final case third.

The first Second-Wave Bellwether Trial shall be set for August 3, 2026. The second Second-Wave Bellwether Trial shall be set for November 2, 2026. The third Second-Wave Bellwether Trial shall be set for February 1, 2027.

## VI. SECOND-WAVE CASE-SPECIFIC FACT DISCOVERY

Each party may take up to ten fact witnesses per case during Second-Wave case-specific fact discovery[1] comprised of the following categories of witnesses:

---

[1] To the extent either party believes they need to depose more than ten case-specific fact witnesses in a Second-Wave Bellwether Trial case, the Parties shall meet and confer and attempt to reach agreement. To the extent the Parties are unable to reach agreement, they shall raise the issue with the Court as soon as possible.

1) Any healthcare provider who provided care to or treated the infant or staff at the infant's treating hospital. The Parties shall meet and confer on an agreed-upon date for each case to simultaneously reveal the medical providers they intend to depose in each case. The PLC shall question first for healthcare providers they list in PLC's selection (even if Defendant also lists those providers) and Defendant shall question first for healthcare providers it lists in its selection (even if the PLC also lists them). In the third case, the Parties shall alternate questioning healthcare providers they both list first. In all cases, when only one Party lists a healthcare provider, the Party that lists a healthcare provider shall question first.

2) The sales representative or representatives for the infant plaintiff's hospital during the relevant time period.

3) The father of the infant.

4) Any third party who does not intend to provide expert testimony. In the event a Party knows or reasonably suspects that an individual third party will be noticed for deposition in multiple Second-Wave Bellwether cases, the Parties will meet and confer to discuss whether the third party can be deposed only once across the Second-Wave Bellwether cases.

## VII. PRETRIAL SCHEDULE FOR SECOND-WAVE BELLWETHER TRIALS

### A. *Fact Discovery*

Case-specific fact discovery for the August trial setting shall begin by October 13, 2025, and end on February 23, 2026. The Parties will make a good-faith effort to do what they can to complete health care provider depositions no later than February 6, 2026, recognizing that dates

for such depositions are subject to providers' and their counsel's availability and that the need for certain providers' depositions isn't reasonably known until other depositions occur.

Case-specific fact discovery for the November trial setting shall begin by December 22, 2025, and end on May 8, 2026. Case-specific fact discovery for the November trial setting can begin before this start date. The Parties will make a good faith effort to do what they can to complete health care provider depositions no later than April 24, 2026, recognizing that dates for such depositions are subject to providers' and their counsel's availability and that the need for certain providers' depositions isn't reasonably known until other depositions occur.

Case-specific fact discovery for the February 2027 trial setting shall begin by March 9, 2026, and end on July 22, 2026. Case-specific fact discovery for the February 2027 trial setting can begin before this start date. The Parties will make a good faith effort to do what they can to complete health care provider depositions no later than June 5, 2026, recognizing that dates for such depositions are subject to providers' and their counsel's availability and that the need for certain providers' depositions isn't reasonably known until other depositions occur.

B. *Expert Reports, Discovery & SJ/Rule 702 Motions*

Nothing in this Order precludes either party from retaining new experts, including general-causation experts, or supplementing prior expert reports. In the event a previously retained expert supplements a prior expert report, the Parties shall meet and confer to discuss the time limits for deposition. Additional deposition time for such experts shall be proportionate to the degree of supplementation in their report. In the event the Parties are unable to agree on appropriate additional deposition time, the Parties shall, within 14 days of receipt of the supplemental report, file with the Court simultaneous briefs of no more than 5 pages regarding the amount of disputed time and the basis for the dispute.

Expert discovery for all the August trial setting shall occur of the following schedule: Plaintiffs' expert reports will be due March 2, 2026, and Abbott's expert reports will be due March 9, 2026. Expert depositions will occur between March 2, 2026, through April 10, 2026, subject to the limitations regarding time and scope set forth in this Order.

Summary Judgment and Rule 702 motions will be due for the August trial setting as follows: (a) Opening briefs: April 17, 2026; (b) Opposition briefs: May 15, 2026; (c) Reply briefs: May 22, 2026.[2] The Parties propose the Court will schedule oral arguments for between May 25-29, 2026, subject to the limitations regarding time and scope set forth in this Order.

Expert discovery for the November trial setting shall occur of the following schedule: Plaintiffs' expert reports will be due May 15, 2026, and Abbott's expert reports will be due May 22, 2026. Expert depositions will occur between May 15, 2026, through July 31, 2026, subject to the limitations regarding time and scope set forth in this Order.

Summary Judgment and Rule 702 motions will be due for the November trial setting as follows: (a) Opening briefs: August 28, 2026; (b) Opposition briefs: September 25, 2026; (c) Reply briefs: October 2, 2026.[3] The Parties propose the Court will schedule oral arguments for between October 5-9, 2026.

Expert discovery for the February 2027 trial setting shall occur of the following schedule: Plaintiffs' expert reports will be due July 29, 2026, and Abbott's expert reports will be due August 5, 2026. Expert depositions will occur between August 24, 2026, through October 30, 2026.

Summary Judgment and Rule 702 motions will be due for the February 2027 trial setting as follows: (a) Opening briefs: November 25, 2026; (b) Opposition briefs: December 23, 2026;

---

[2] Page limits will be 30 pages for the opening brief, 35 pages for the response brief, and 15 pages for the reply brief.
[3] Page limits will be 30 pages for the opening brief, 35 pages for the response brief, and 15 pages for the reply brief.

(c) Reply briefs: December 30, 2026.[4] The Parties propose the Court will schedule oral arguments for between January 4-8, 2026.

## VIII. OTHER PROVISIONS

The Parties will confer to address additional details regarding the venue, logistical and other jurisdictional considerations for the Second-Wave Bellwether Trials and will endeavor to provide an agreed proposed protocol to the MDL Court for the cases. In the event the Parties are unable to reach agreement on any aspect of that proposed protocol, they will submit simultaneous ten-page briefs to the Court 14 days before the CMC at which the issue is to be heard, and five-page reply briefs seven days before the CMC at which the issue is to be heard, together with the proposed protocol insofar as it is agreed.

In the event a Second-Wave Bellwether Trial case is voluntarily dismissed by the Plaintiffs after its selection, Abbott shall have the option (but shall not be required) to accelerate the immediately subsequent case into its trial setting. In the event Abbott does so, the Parties recognize that certain discovery and pretrial deadlines, as well as the start date of the trial, may need to be adjusted and the Parties shall meet and confer and attempt to reach agreement on doing so. To the extent the Parties are unable to reach agreement, they shall raise the issue with the Court as soon as possible.

This Order may be modified or amended for good cause shown, after appropriate notice and opportunity to be heard is provided to the affected parties, when the Court believes the interest of justice requires modification.

**IT IS SO ORDERED.**

Dated: _____, 2025   _____
                    Hon. Rebecca R. Pallmeyer

---

[4] Page limits will be 30 pages for the opening brief, 35 pages for the response brief, and 15 pages for the reply brief.