# KIRKLAND & ELLIS LLP

333 West Wolf Point Plaza
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

James F. Hurst, P.C.
To Call Writer Directly:
+1 312 862 5230
james.hurst@kirkland.com

Facsimile:
+1 312 862 2200

May 1, 2026

**VIA ECF**

Re: *In re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litig.,* Case No. 1:22-CV-0071

Dear Judge Pallmeyer:

At the February 13, 2026 status conference, this Court directed the parties to submit their proposals for how to address the fortifier cases in this MDL. Ex. A, 2026-02-13 Tr. at 16. Plaintiffs agreed at the hearing that the fortifier cases are "a real issue" and "some sort of roadmap or plan is appropriate" to address them. *Id.* at 10; Dkt. No. 748. Plaintiffs suggested that they would make a proposal to Defendants, and the Court set a deadline of April 16. Ex. A, 2026-02-13 Tr.; Dkt. No. 748. Plaintiffs, however, did not make any proposals following the hearing. Accordingly, Defendants sent their own proposal to Plaintiffs on April 16 and proposed that the parties see if they could reach agreement over the next week or submit their competing proposals to the Court. Plaintiffs ignored that email and multiple follow-ups until April 29. Despite having more than two months since the hearing to make their own proposal and two weeks to respond to Defendants' proposal, Plaintiffs now claimed they could not even engage on this topic until after expert discovery in *Kelton* closed several weeks from now. Ex. B, J. Feld Email re Fortifier CMO Proposal. Because there is no reason for further delay, Abbott and Mead respectfully submit this proposal for the Court's consideration.

Since this MDL formed in 2022, Plaintiffs have filed dozens of cases alleging that Abbott's and Mead's cow's milk-based *fortifier* causes preterm infants to develop necrotizing enterocolitis. *See* Ex. C, List of Certain Fortifier Only Cases. As this Court has previously recognized, "there is little dispute that fortifier is a different *class* of product from formula." *Mar v. Abbott Lab'ys*, 2025 WL 1282749, at *6 (N.D. Ill. May 2, 2025). "Fortifiers and formula serve two different clinical purposes—fortifier adds nutrients to an available supply of mother's milk" whereas formula is a "stand-alone food source." *Id.* Thus, a key question in this MDL is whether cow's milk-based *fortifier* can cause NEC.

It cannot. Plaintiffs agree that this MDL "does not generally … allege that exposure to fortifier alone when added to breast or donor milk causes NEC." *Hall*, Dkt. No. 612, 2025-02-14 Plaintiffs Omnibus MTE at 10. Their causation experts to date have disclaimed any opinion that fortifier can cause NEC, including in the recent Rule 702 hearing. *See* Ex. D, Spector Rule 702 Tr. 60:3-10 (reaffirming that "not offering an opinion on fortifier alone"); Ex. E, Spector 2024-

# KIRKLAND & ELLIS LLP

May 1, 2026
Page 2


12-23 Dep. at 282:25-283:11 ("I am not offering an opinion on [the] association between fortifier alone and – compared to human milk and causation of NEC."); Ex. F, Sucre Dep. at 363:6-9 ("Q. Are you offering the opinion that cow's milk-based fortifier causes or contributes to NEC in premature infants?  A. I am not.").  And their most recently disclosed epidemiologist reviewed the published scientific literature on cow's milk-fortifiers and concluded that this "body of research alone would *not be sufficient to draw conclusions regarding a causal effect* of bovine milk-based fortifiers" and NEC.  Ex. G, Savitz Rpt. at 63 (emphasis added); Ex. H, DeZure Dep. at 101:6-12 (testifying she "wasn't asked to look at [whether fortifier causes NEC], so [she] couldn't determine causation").

The scientific community agrees.  The American Academy of Pediatrics has repeatedly not recommended human-milk based fortifiers over bovine-milk based fortifiers because the "data does not consistently support" that recommendation.  Ex. I, October 11 Tweet.  In 2021, the AAP emphasized that "the largest [randomized control trial] of an exclusive human milk diet" "found no difference in feeding tolerance or NEC" when comparing an "exclusive human milk diet" versus a diet with "bovine-derived HMF."  Ex. J, AAP 2021 at 100, 105; *accord* Ex. K, M. Parker (AAP) Presentation ("We opted NOT to make any recommendation at this time supporting human HMF [human-milk fortifier]").  In 2025, AAP reexamined the published literature and reaffirmed this same recommendation.  Ex. L, AAP 2025 at 3, 6-7.

Plaintiffs agree that "fortifiers need to be resolved one way or the other."  Ex. A, 2026-02-13 Tr. at 12.  Defendants submit that—consistent with the positions Plaintiffs have taken in every other bellwether case in this MDL—claims based on fortifier use should be dismissed without further briefing because Plaintiffs cannot meet their burden to show general causation with respect to fortifiers.  To the extent Plaintiffs believe this general causation question should still be briefed, this issue is ripe for resolution by the Court now.

Courts overseeing MDLs regularly allow for prioritized discovery and motion practice on specific issues to effectively manage and streamline proceedings.  For example, the Court in *In re: GLP-1 RAS Products Liability Litigation* established a framework for early summary judgment motion practice on "cross cutting issues," outside of the bellwether process.  *See* Ex. M, Case Management Order No. 18, Case No. 2:24-md-03094, Dkt. No. 235.  In so holding, the Court noted that the issues were appropriate for early resolution as they were legal questions that would "not require significant discovery beyond what is already being provided" and that they were "worthy of early resolution" as a ruling would be "likely to streamline the litigation."  *Id.* at 10.  *See also In re Zantac (Ranitidine) Prods. Liab. Litig.*, Case No. 9:20-md-02924, Pretrial Order No. 30, Dkt. No. 875 (S.D. Fla. June 18, 2020) (implementing a case management schedule in MDL prioritizing motion practice on general causation); *In re: Viagra (Sildenafil Citrate) Prods. Liab. Litig.*, Case No. 3:16-md-02691, Dkt. No. 102 (N.D. Cal. Sept. 26, 2016) (limiting initial discovery in MDL to general causation); *In re: Incretin Mimetics Prods. Liab.*

# KIRKLAND & ELLIS LLP

May 1, 2026
Page 3

*Litig.*, Case No. 3:13-md-02425, Dkt. No. 325 (S.D. Cal. Feb. 18, 2014) (limiting discovery and document production in MDL to discovery related to general causation).

Resolving whether Plaintiffs can even meet their burden to show general causation with fortifiers will streamline this MDL, both through the potential dismissal of cases and the narrowing of parties and issues for cases that remain. Answering whether cow's milk-based fortifiers can cause NEC does not require subjecting individual parents or busy treating physicians and nurses to depositions. Instead, this question can be resolved efficiently with expert discovery and focused summary judgment briefing.

Accordingly, Defendants propose that the parties proceed with expert disclosures and briefing focused on resolving the question of whether cow's milk-based fortifier can cause NEC under the following schedule:

| Events | Dates |
|---|---|
| Submission of Plaintiffs' Expert Report(s) | *75 days after entry of fortifier schedule* |
| Submission of Defendants' Expert Report(s) | *6 weeks after Plaintiffs' reports* |
| Expert Deposition Schedule | *Start: 1 week after Plaintiffs' reports served* <br> *End: 4 weeks after Defendants' reports served* |
| Filing of Defendants' Rule 702 and Summary Judgment Motions | *3 weeks after conclusion of deposition schedule* |
| Filing of Plaintiffs' Oppositions to Rule 702 and Summary Judgment Motions | *4 weeks after opening motions* |
| Filing of Defendants' Replies to Rule 702 and Summary Judgment 702 Motions | *3 weeks after oppositions* |
| Oral Argument on Rule 702 and Summary Judgment Motions | *2 - 4 weeks after briefing is complete* |

Following the Court's ruling, the parties would meet and confer regarding the process for applying that ruling to any currently pending or future-filed cases in the MDL.

Defendants are happy to submit a proposed order that fills in the dates based on the above schedule at the Court's request.

Very truly yours,

*/s/ James F. Hurst*

James F. Hurst

3