

444 Cedar Street, Suite 1800
St. Paul, MN 55101
T (800) 279-6386  F (612) 436-1801

johnsonbecker.com

The Honorable Rebecca R. Pallmeyer
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2588
Chicago, IL 60604

   *RE: In re Preterm Infant Formula Litigation,* MDL 3026

Dear Judge Pallmeyer:

We write in response to Defendants' recent submission regarding fortifier cases. At the February CMC the PLC proposed that the Parties endeavor to create a Third Wave Bellwether Plan for an assortment of issues, including potential resolution of the fortifier question for currently pending cases.[1] The PLC does not intend to engage in a crossfire exercise with Defendants before the Court regarding the communications leading up to their recent submission beyond noting that while it has a kernel of truth in it, it does not reflect the reality of the last several months.

The simple fact is this: one day before commencement of expert depositions in the *Kelton* case (involving fourteen independent experts), after Abbott requested and the PLC agreed to a four-week extension to designate its experts in *Kelton*—where it was still untimely with three of its expert reports, a live *Daubert* hearing in *Inman*, and the run-up to the *Inman* trial, Abbott sent its proposal to the PLC. In Friday's letter, Abbott failed to note the numerous conversations the Parties have had regarding not only the fortifier issue, but an assortment of other issues impacting this MDL.

So why did Abbot file this letter now? Could it be because in the next 90 days, the Parties need to complete more than a dozen depositions, file their simultaneous Rule 56 and 702 motions, respond to those motions and ultimately file their replies, along with preparing for trial in *Inman*? It certainly cannot be because this issue is

---

[1] Defendants appear to suggest that any ruling on any fortifier case collaterally applies to all future fortifier cases. The do so citing no authority. This is, of course, because no such authority exists for the proposition that one order can bind future cases for all time. Science evolves, opinions change, and future cases are subject to the facts that arise at the time they arise. As such, Defendants' ultimate hope, which appears to be a permanent bar to any future fortifier-related litigation, is questionable at best.

truly a stumbling block to resolution of this MDL given the *totality* of the fortifier-only cases (Exhibit C to Mr. Hurst's letter is a list of the 23 cases Abbott believes are at issue) in the MDL comprises less than 3% of the entire MDL. Simply stated, the feigned need to resolve this issue now, given both Abbott and Mead for years refused to select a fortifier-only case for Bellwether consideration, is circumspect at best. This is particularly telling given Abbott's refusal to provide the PLC a mere two-week extension to engage in a meet and confer process (following years of litigation where they largely sat silent on this issue) until completion of the *Kelton* expert deposition period on May 15, 2026.

The PLC is not suggesting that the fortifier issue is not important or that it should remain unresolved. But piecemeal resolution is neither efficient nor proper. For this reason, the PLC has on numerous occasions proposed to Defendants that the parties engage in an off the record discussion with the Court to assess what type of cases should, or should not, be subsumed within this MDL. This overture was based on the Court's experience in *In re Zimmer* where the parties did just that: met off the record with the Court so as to have frank and candid discussion, which led to criteria both sides agreed upon to set the parameters for a *prima facie* case. Not surprisingly, the MDL settled shortly thereafter. To date, Defendants have refused to respond to the PLC's suggestion.

Those observations aside, the PLC opposes Defendants' piecemeal approach to resolving one-off issues of interest to them—particularly when the cases at issue comprise less than 3% of the entire MDL. Instead, the PLC proposes the following:

1. The Court hold an off-the-record CMC, as it did in *Zimmer*, such that the Parties may have frank and candid discussions regarding which claims should and should not be included in this MDL.

2. If Defendants are unwilling to engage in such an effort (jointly or independently), then the Court should order the Parties to meet and confer to form the Third Wave Bellwether Plan, where Defendants will be free to select a fortifier-only case for inclusion in the Bellwether Pool—which they have opted not to litigate to date (further undermining the urgency of this issue).

The Court should not engage in piecemeal litigation while trial is imminent in one case, and a second is in the midst of expert discovery and motion practice—i.e., engaging in a new round of expert discovery, that just happens to coincide with the *Inman* and *Kelton* trials should be seen for what it is: a strategic gambit.

Accordingly, the PLC proposes either an off-the-record conversation between the Parties and the Court to discuss the fortifier-only issue, along with others, or alternatively that the Court order the Parties to meet-and-confer to create the Third Wave Bellwether Protocol where Defendants are free to select a fortifier-only case. The PLC is prepared to meet with the Court at its convenience.

Sincerely,

Tim Becker