**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION** | **MDL No. 3026** |
| | **Master Docket No. 1:22-cv-00071** |
| **This Document Relates to:** | **Hon. Rebecca R. Pallmeyer** |
| **ALL CASES** | |

# ABBOTT'S MOTION FOR ENTRY OF THE PROPOSED CASE MANAGEMENT ORDER

Defendants Abbott Laboratories and Abbott Laboratories, Inc. (collectively "Abbott"), respectfully requests that this Court enter the attached proposed Case Management Order ("CMO") to identify cases that, by the Plaintiffs' Leadership Committee's ("PLC") own admissions, have no basis to proceed in this MDL.[1]

This MDL was established to centralize "cases in which plaintiffs contend that cow's milk-based preterm formula causes necrotizing enterocolitis (NEC) in babies born prematurely." *In re Abbott Laby's Preterm Infant Nutrition Prods. Liab. Litig.*, MDL No. 3026, Transfer Order, Dkt. No. 119 (J.P.M.L. Apr. 8, 2022). The PLC—through its retained experts and filings across multiple bellwethers—have conceded that there are whole categories of cases for which even they do not contend that Abbott's cow's milk-based products could increase an infant's risk of developing NEC. Specifically, the PLC has acknowledged the lack of viability for claims involving: (1) only cow's milk-based fortifier, (2) infants born at 34 weeks gestational age or older,

---

[1] Abbott emailed representatives of the PLC on July 28, 2026, July 29, 2026, and August 14, 2026 to meet and confer, and also raised this matter at the August 3rd status conference.

(3) infants with a birth weight of 1,500 grams or greater, and (4) infants whose diets consisted of less than 30% formula. More specifically:

> **Fortifier Only Claims**: The PLC has acknowledged that this MDL "*does not generally* … allege that exposure to *fortifier alone* when added to breast or donor milk causes NEC." *Hall*, Dkt. 612 at 10; Ex. 1, *Inman*, 8/27/26 Trial Tr. 1827:16-25. None of the PLC's experts in the first and second-wave bellwethers opine that fortifier can cause NEC. *See* Ex. 2, *Inman,* 3/31/26 Spector Rule 702 Hr'g Tr. 60:3-10; Ex. 3, 12/23/24 Spector Dep. 282:25-283:11; Ex. 4, 12/20/24 Sucre Dep. 363:6-9. For the *Kelton* bellwether, the PLC-retained expert Dr. David Savitz has further confirmed that studies of fortifiers "would not be sufficient to draw conclusions regarding a causal effect of bovine milk-based fortifiers." Ex. 5, Savitz Rep. 63.

> **Gestational Age and Weight:** The PLC has recently stated that the "'population' at issue in this litigation are infants less than 34-weeks GA [gestational age]" and has defined what it claims is the "at-risk population" as "infants below 1,500 grams and 34-weeks GA." *Kelton*, Dkt. 58 at 2 n.4, 7. The PLC has further represented that "there is no claim (let alone evidence) in this case that [cow's milk-based products] are dangerous for infants over 34-weeks GA." *Id.* at 4. In fact, the PLC has recently moved to exclude Dr. Amanda Starc on the basis that her "analysis (that includes infants between 34- and 37-weeks GA) is completely detached from the affected population in this MDL." *Id.* at 9. Moreover, PLC-retained expert Dr. Bryce Ward was told to assume the "at-issue" population was "preterm infants born <1500 grams and <34 weeks postmenstrual age," and "an infant born weighing exactly 1500 grams [was] not included," regardless of their gestational age. *Kelton,* Dkt. 98 at 10 n.5; Ex. 6, Ward Dep. 42:7-43:14; 43:22-44:1. Dr. Ward's "opinion is based on the assumption that there would not be [a NEC] warning for infants outside the at-issue population." Ex. 6, Ward Dep. 187:1-4.

> **Diet Less than 30% Formula:** The PLC has stated that the "threshold" at which there is a "discernable increase in the risk of NEC [is] around 30 percent of formula intake." *Kelton*, Dkt. 51 at 2 n.2; Ex. 7, Savitz Dep. 85:21-86:3; *see also* Ex. 5, Savitz Rep. 54 (the risk of NEC from formula that "is identifiable starting at around 30% formula"). Dr. Savitz further confirmed he offers no opinion about "the risk of preterm infant formula and NEC when the level of preterm infant formula in the diet is below around 30 percent." Ex. 7, Savitz Dep. 89:7-12.

Despite these concessions, the MDL currently includes at least 160 cases that fall outside the boundaries the PLC itself has drawn.[2] At the August 3, 2026 Status Hearing, this Court

[2] Because many Plaintiff Profile Forms are missing critical information on these issues, the true number is likely much higher. Based on Abbott's current estimates, at least 154 cases failed to provide product information, 81 failed to provide gestational age information, and 87 failed to provide birth weight information. The current Plaintiff Profile Form does not require information about what percentage of the infant's diet was formula.

requested the parties "pursue some mechanism," such as a show-cause process, to efficiently determine "cases that really don't belong in the MDL or where there is no general causation evidence that would support inclusion." Ex. 8, *Hall*, 8/3/26 Status Hr'g Tr. 18:14-19:5.

Accordingly, Abbott proposes a CMO establishing a structured process to address these cases consistent with the PLC's own representations that these claims are not viable. The proposed CMO sets forth an orderly and efficient process for addressing each category of cases, including timelines for the PLC to respond and, where applicable, opportunities for Plaintiffs to show cause why their cases should not be dismissed. The proposed CMO is the next step in promoting effective and efficient management of this complex litigation by ensuring that only viable claims proceed. Subsequent steps will include coordination between the parties to identify other potential categories of claims that are not viable. Thus, Abbott respectfully requests that the Court enter the attached proposed CMO.

Dated: September 4, 2026

Respectfully submitted,

By: */s/ James F. Hurst*

James F. Hurst, P.C.
Rebecca Fitzpatrick, P.C.
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
james.hurst@kirkland.com
rebecca.fitzpatrick@kirkland.com

Stephen V. D'Amore
Linda T. Coberly
**WINSTON TAYLOR LLP**
300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654
Telephone: (312) 558-5600
steve.damore@winstontaylor.com
lcoberly@winstontaylor.com

*Counsel for Defendants Abbott Laboratories and Abbott Laboratories, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Abbott's Motion for Entry of the Proposed Case Management Order was served upon counsel of record on September 4, 2026 via the Court's electronic filing system and via email for any materials provisionally filed under seal.

*/s/ James F. Hurst*
*Counsel for Defendants Abbott Laboratories and Abbott Laboratories, Inc.*